## King v. Commonwealth.

(Decided January 26, 1923.)

### Appeal from Knott Circuit Court.

1. Indictment and Information—Duplicity.—An indictment that charges the commission of more than one offense is demurrable because of duplicity, but the defect is waived if the defendant fails to demur to the indictment or otherwise attack its validity.

2. Intoxicating Liquors—Operation of Moonshine Still.—Evidence on which a conviction was obtained for a violation of the statute prohibiting the ownership or operation of a moonshine still held to be sufficient to submit the case to the jury and to sustain a finding of guilty.

JOHN CAUDILL for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Appellant, Leonard King, was tried in the Knott circuit court, convicted and given a fine of $250.00 and a sentence of thirty days in the county jail, under an indictment charging him with unlawfully having in his possession, operating, aiding and assisting in the operation of a moonshine still. He has appealed, contending that the court erred in not sustaining a demurrer to the indictment, and also that there was not sufficient evidence introduced by the Commonwealth to warrant a conviction or to justify the court in submitting the case to the jury.

The indictment is defective in that it charges the commission of more than one offense. Nichols v. Commonwealth, 78 Ky. 180; Smith v. Commonwealth, 109 Ky. 685; Mays and Terry v. Commonwealth, 194 Ky. 540. However, the contention that it was the duty of the court to sustain a demurrer to it is defeated by the fact that appellant filed no demurrer but treated the indictment as if it charged a single offense. It must be held, therefore, that the defect was waived. Lyttle v. Commonwealth, 195 Ky. 729.

The contention that there was not sufficient evidence introduced by the Commonwealth to justify the court in

submitting the case to the jury is also unsustainable. The question does not appear to have been raised in the lower court by a motion for a peremptory instruction. One of the two grounds in the motion for a new trial was that the evidence did not support the verdict of the jury. Treating that ground as raising the point, we find that the evidence shows that a raiding party discovered a moonshine still on the land of appellant, about three or four hundred yards from his residence. Appellant testified in his own defense, and it was shown on his cross-examination that the still was found in December, 1921, in a field where he had raised a crop of corn the previous summer; that the land belonged to him, and that he owned and had occupied the residence about three or four hundred yards from the still; also that his household goods were in the building at the time the still was discovered. This testimony, with that showing that a large quantity of mash was found at the place where the still was located, and other physical facts indicating travel between that place and appellant's house, was sufficient evidence of appellant's ownership or operation of the still to submit the question to the jury and to sustain a finding of guilty. Mobley v. Commonwealth, 190 Ky. 424; Brent v. Commonwealth, 194 Ky. 504.

The judgment is affirmed.