# McGeorge v. Commonwealth.

(Decided February 10, 1931.)

H. E. HAY, and S. H. RICE for appellant.

J. W. CAMMACK, Attorney General, and HOWARD SMITH GENTRY for appellee.

OPINION OF THE COURT BY COMMISSIONER CREAL—Reversing.

The appellant was convicted in the Estill circuit court under an indictment charging violation of that portion of section 1148a-7 of the Kentucky Statutes relating to officials in the discharge of their duties, and his punishment fixed at confinement in the state penitentiary for a period of two years.

He is here complaining that the court erred (1) in overruling the demurrer to the indictment and (2) in instructions given to the jury.

That portion of the section of the Statutes under consideration, which is pertinent, is as follows: "It shall be unlawful for any person or persons, individually or collectively . . . by violence, force or threats to alarm, disturb or hinder or obstruct, or intimidate any officer of the Commonwealth of Kentucky, in the matter of his official action or in the discharge of his duty; or attempt so to do . . . and any person or persons violating any provision of this section shall be punished by confinement in the state penitentiary for not more than twenty-one years or by a fine of not more than ten thousand dollars ($10,000.00) or both such confinement and fine."

Appellant's counsel argue that the indictment is bad in that it does not follow the language of the statute, pointing out that the word "violence" is not used in either the accusative or descriptive part of the indictment. We do not think this objection well taken, as the offense may be committed by the use of either violence, force, or threats, and an indictment is good that charges any one or more of the terms used in the statute.

In an indictment for a statutory offense, it is only required that the indictment shall substantially follow the wording of the statute. The indictment measures up to that requirement; hence the court did not err in overruling the demurrer.

Appellant's contention that the court erred in instructing the jury presents a more serious question.

The evidence for the commonwealth shows that appellant and one Ingram were publicly drunk on the streets of Irvine, and that Lunsford, a police officer, approached them saying, "You boys are drunk and you will have to go to jail;" that appellant kept pulling loose, cursed, and declared that he would not go to jail. On the other hand, it is shown by the appellant and some of his witnesses that he was not drunk, and that Officer Lunsford approached him, took hold of his arm and began pulling him along, and that appellant protested against going with the officer and demanded to know on what charge he was attempting to arrest him.

Section 39, Carroll's Criminal Code of Practice, provides that: "The person making the arrest shall inform the person about to be arrested of the intention to arrest him, and of the offense charged against him, for which he is to be arrested, and if acting under a warrant of arrest, shall give information thereof, and if required, shall show the warrant." If the evidence of the police officer is true, then there was a substantial compliance with this section. But if the statements of the appellant are true, then the officer did not proceed legally in attempting to make the arrest. A person about to be arrested is entitled to know of the intention of the officer to arrest him and the offense with which he is charged. Otherwise, he is not required to submit to an arrest. Appellant is correct in his contention that his theory of the case should have been submitted to the jury under a proper instruction, and this was not done.

It is further urged that instruction No. 1 is erroneous in that it does not follow the language of the indictment or of the statute under which the indictment is drawn. The instruction complained of warrants a conviction of defendant if he "with force did disturb, hinder, obstruct and intimidate said Lunsford and did curse and resist and jerk away from said Lunsford and refuse to submit to arrest."

The gist of the offense denounced by this statute is the intention to disturb or hinder or obstruct or intimidate an officer in his official action or in the discharge of his duty and, to warrant a conviction of one accused of violating its provisions, it should be made to appear that the accused intended to and did deter an officer in the performance of his official acts or duties in one or more of the ways mentioned therein.

The instruction couples with the language of the statute describing the offense the words ''curse, jerk away from and refuse to submit to arrest;'' and fails to submit to the jury the question of the intent of the accused. In both respects it is erroneous.

The words ''curse, jerk away from and refuse to submit to arrest'' are not descriptive of the offense denounced by the statute, although it might be made to appear that by the acts they describe the accused intended to and did alarm, disturb, hinder, obstruct, or intimidate an officer in the matter of his official action or in the discharge of his duty. The instruction should not authorize a conviction if the accused committed specific acts shown by the proof, but should submit to the jury whether by the commission of such acts as may be shown by the proof the accused violated the provisions of this statute.

The offense prohibited by this statute may be accomplished by either violence, force, or threats, and the indictment in this instance only charges the use of force. Force, as used in the statute, implies both the exercise and the application of physical power. Cursing does not come within the scope of its meaning, and no reference thereto should be made in the instruction, even though proof of cursing may be competent as bearing upon the intent of the accused.

It appearing that the judgment must be reversed, because of errors in the instructions, the lower court on another trial of this case, and, if the evidence is not materially different, should give in lieu of instruction No. 1, given on the former trial, an instruction substantially as follows: ''If the jury shall believe from the evidence, beyond a reasonable doubt, that in Estill county and before the finding of the indictment herein the defendant, John McGeorge, was drunk in a public place within the city of Irvine and in the presence of Jeff Lunsford, a policeman of said city, and that said Lunsford informed the defendant of his intention to arrest him and of the offense charged against him, or that defendant knew of the purpose of said Lunsford to arrest him, and of the offense charged against him, and that said Lunsford did arrest or attempt to arrest said defendant and the defendant did then and there unlawfully, forcibly and with the intention so to do and did thereby disturb, hinder, obstruct and intimidate said Lunsford in attempt-

ing to make said arrest, by jerking away from him and resisting said arrest, you will find him guilty as charged in the indictment and fix his punishment at a fine of not more than Ten Thousand Dollars ($10,000.00) or confinement in the state penitentiary for not more than twenty-one (21) years, or at both such fine and imprisonment.''

For the reasons indicated, the judgment is reversed, and cause remanded to the lower court for a new trial and for further proceedings consistent with the opinion.