## Johnson v. Commonwealth.

(Decided October 2, 1931.)

338

V. R. LOGAN for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE BRATCHER—Reversing.

The appellant, Clarence Johnson, was indicted and convicted for the offense of unlawfully obstructing justice. Upon a trial he was found guilty and punishment fixed at a fine of $50 and imprisonment of twenty-five days in the county jail. To reverse that judgment, he prosecuted this motion for an appeal, setting out a number of grounds of complaint. We will not take up all the grounds in the order set out in brief for appellant, but will content ourselves with a rearrangement of the material questions here presented.

First, the appellant complains that the indicement is bad in that it does not substantially follow the language of the statute. The appellant was convicted of the common-law offense of obstructing justice by resisting an arrest for an offense charged to have been committed in the presence of the officer attempting to make the arrest. The indictment in the accusatory part "accuses the appellant, Clarence Johnson, of the offense of unlawfully obstructing justice." In the descriptive part, the indictment reads: "The said Johnson heretofore, to-wit: on the —— day of —— A. D., 193—, and before the finding of this indictment in the County aforesaid, did unlawfully and wilfully obstruct justice by resisting an arrest from a duly authorized, qualified and acting deputy sheriff, to-wit: Jack Skaggs, at Chalybeate Church, after he, the said Johnson, had committed a public offense in the presence of the said Jack Skaggs, to-wit: disturbing public worship by refusing to surrender himself to arrest when commanded so to do and offering resistance, force and violence against said arrest, and thereby obstructing justice and the said Skaggs was duly authorized acting and qualified deputy sheriff at all time aforesaid." The indictment is correct and charges the offense for which the defendant was convicted. In the descriptive part it is specifically alleged that the arrest was by a qualified

deputy sheriff for an offense committed in his presence and attempts to describe the offense for which the arrest was to be made, that of disturbing public worship, and by refusing to surrender himself and by offering resistance by force and violence. It is inferentially argued in the appellant's brief that the indictment is bad for duplicity in that it attempts to describe both the common-law offense of obstructing justice and the graver offense denounced by Ky. Stats., sec. 1148a-7. A close reading of the indictment fails to convince that that state of record exists. A close search of the bill of exceptions nowhere discloses that any demurrer was filed to the indictment. If the conditions existed as the appellant claims, it would not avail in the absence of a demurrer to the indictment. Therefore, this defect is waived. Sturgeon v. Commonwealth, 37 S. W. 679, 18 Ky. Law Rep. 668; Wells v. Commonwealth, 195 Ky. 740, 243 S. W. 1015; King v. Commonwealth, 197 Ky. 427, 247 S. W. 17; Ingle v. Commonwealth, 204 Ky. 518, 264 S. W. 1088; Yarberry v. Commonwealth, 209 Ky. 15, 272 S. W. 24.

Where no objections are made only the sufficiency of an indictment is before the court. Tipton v. Commonwelth, 207 Ky. 685, 269 S. W. 1007; Jones v. Commonwealth, 225 Ky. 273, 8 S. W. (2d) 382; Mann v. Commonwealth, 226 Ky. 296, 10 S. W. (2d) 1094. We are, therefore, of the opinion that since this indictment charges one offense, that of obstructing justice, that this ground is without merit.

It is next argued that the court erred in refusing to give the whole law of the case. In support of this contention, we are cited to the case of McGeorge v. Commonwealth of Kentucky, 237 Ky. 358, 35 S. W. (2d) 530. In that case the court failed to instruct the jury that it was the duty of the officer making the arrest to inform the accused of his intention to arrest him as provided under section 39 the Criminal Code, which section of the Criminal Code of Practice provides that: "The person making the arrest shall inform the person about to be arrested of the intention to arrest him, and of the offense charged against him, for which he is to be arrested, and, if acting under a warrant of arrest, shall give information thereof, and if required, shall show the warrant." Persons about to be arrested are entitled to know the offense charged. Where the person attempting to make the arrest has not

informed the person that he is about to be arrested and of the nature of the offense, as required by the above section of the Code, the person about to be arrested may resist with impunity. Wright v. Commonwealth, 85 Ky. 123, 2 S. W. 904, 8 Ky. Law Rep. 718; Hamlin v. Commonwealth, 12 S. W. 146, 11 Ky. Law Rep. 348; Bates v. Commonwealth, 16 S. W. 528, 13 Ky. Law Rep. 132. The only exception to the above rule is to be found in that class of cases where the accused knew the officer had a warrant for his arrest or in those cases where, under the emergency of the circumstances, the officer has no chance or opportunity to inform the accused. Neal v. Commonwealth, 229 Ky. 832, 18 S. W. (2d) 314. A close examination of this evidence fails to convince the court that this officer ever informed the accused that he was about to arrest him or to in any way inform him that he had arrested him. He does say that he objected to, and sought to prevent, his going back into the church house the third time after he told him not to do so. He said he did not try to arrest him at that time. But down at the bowling alley when he started to curse him, he did arrest him, but nowhere says the appellant was informed of this act by him. Just how the officer tried to arrest him is not disclosed. There is a total failure of the evidence as required by the section of the Code above, and for that reason, together with the rule announced in the McGeorge case, supra, we agree with the learned Assistant Attorney General, the appellant's motion for peremptory instruction should have been sustained.

The motion for an appeal is therefore granted, and the judgment is reversed.