## Powell v. Commonwealth.

May 25, 1948.

546

E. S. Wiggins and O. P. Jackson for appellant.

A. E. Funk, Attorney General, and Guy L. Dickinson, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SILER—Reversing.

Fred Powell was convicted of the offense of carrying a concealed deadly weapon. His punishment was fixed at two years in the penitentiary. He appeals.

As one of his grounds for reversal of the judgment, Powell now contends that the trial court committed reversible error in admitting illegal evidence on the trial.

It seems that on April 21, 1947, some kind of warrant, which had been issued by a justice of the peace of Madison County and thereafter delivered to a deputy sheriff named Edester, was outstanding against Powell upon a charge not disclosed by this record. On that day, a constable named Scarbrough, who did not have that or any warrant against Powell, picked him up when he was alighting from a cab in Richmond but not when he was committing any public offense. Upon arrival of

Scarbrough and Powell at the sheriff's office, an unsuccessful search was made to find the outstanding warrant. But about that time, Scarbrough noticing that Powell "had a big bulk" about his clothing, thereupon searched him and found and lifted a pistol from his person. Three days later, for the first time, according to Powell's undenied testimony, a warrant was read to him at the jail where he had been lodged. And so, Powell contends that all the evidence, obtained in the manner described and relating to the concealed pistol, was illegal. We think he is correct.

Section 10, Ky. Constitution provides that people shall be secure in their persons from unreasonable search. This means that any person, whether of Jesus' or Judas' nature, can be searched only by proceeding to do so (A) under a search warrant or (B) when such person is under a legal arrest or (C) upon strong indication that the illegal object of search is actually upon the person suspected.

A. The Commonwealth did not purport to have any search warrant for Powell.

B. Neither did the Commonwealth establish that Powell was on this occasion under a legal arrest, which is a situation that can result only from the seizure of a person (1) by a warrant in hand or (2) upon his commission of a public offense in an officer's presence or (3) upon some reasonable belief that the person has committed a felony. See Sec. 36, Ky. Criminal Code of Practice.

1 and 2. The arresting officer in this case had with him no warrant for Powell who was, so far as this record shows, behaving like a Sunday School student at the particular time and place of the arrest.

3. A felony had not been committed so far as anyone knew or suspected.

Therefore, Powell appears to have been in this original custody without the proper legal preliminaries for such a custody.

C. Powell being in that sort of custody, the arresting officer proceeded to search him solely upon a *theory that the illegal object of the considered search was ac-*

*tually on his person. However, he had no strong indication to that effect. The officer himself said the unseen object of search only appeared as "a big bulk."* Therefore, the officer had no *reasonable* indication that any illegal object was actually there. No one said the object made the outline of a pistol. "A big bulk" might be a newspaper or a book or a bottle of vinegar.

And so, we firmly believe that it was not right nor lawful for the officer on this occasion to enter the sacred precincts of this man's person on a mere exploration inspired by the appearance of a big bulk. To sanction such would be too dangerous to the hard earned liberties of a free people. It is better that a man like Powell, who certainly deserved to suffer the penalty provided by law for carrying a concealed weapon, entirely go free on such a charge rather than to sanction his present conviction by an illegal invasion of that liberty guaranteed to him and to his forefathers since that far distant day in the year 1215 when Magna Carta was wrung from King John at Runnymede out of the contrariness of that ruler's wicked and tyrannical heart.

In view of our decision sustaining Powell in his principal contention, we find it unnecessary to discuss other interesting questions raised by him in his brief but not essential to this determination.

Wherefore, the judgment is reversed.