### RADER v. COMMONWEALTH.

Court of Appeals of Kentucky.

Sept. 25, 1951.

Shumate & Shumate, Irvine, for appellant.

A. E. Funk, Atty. Gen., Guy L. Dickinson, Asst. Atty. Gen., for appellee.

LATIMER, Justice.

From a judgment of conviction and sentence of two years in the state reformatory for carrying concealed a deadly weapon this appeal is prosecuted.

Appellant, Arnold Rader, was arrested by the deputy sheriff of Jackson County in the home of Leonard Sexton's mother. At the time he was arrested he was lying across a bed asleep and apparently in a drunken condition. At the trial appellant entered plea of not guilty. The deputy sheriff and Leonard Sexton were the only witnesses testifying in the case.

The deputy sheriff stated that he arrested appellant for being drunk and while searching him after the arrest discovered that he had concealed in his coat pocket a .32 caliber pistol; that at the time he was arrested Rader was lying on the bed and sleeping so soundly that it was difficult to awaken him.

Leonard Sexton, a fifteen year old boy, substantially corroborated the sheriff.

Appellant, taking the position that the arrest was illegal, seasonably objected to the evidence pertaining to the illegal search thereafter, wherein the concealed weapon was discovered, and moved that it be excluded from the consideration of the jury. This was overruled.

At the conclusion of the Commonwealth's evidence appellant moved for peremptory instruction. This was overruled.

The Commonwealth then moved the court peremptorily to instruct the jury to find appellant guilty. This motion was sustained and the court directed the jury to find appellant guilty and fix his punishment at not less than 2 nor more than 5 years.

For reversal appellant urges: (1) The court permitted prejudicially incompetent evidence to go to the jury over the objection and exception of the appellant; (2) The court erred in refusing to instruct the jury to find the appellant not guilty at the close of the Commonwealth's evidence; (3) The court erred in instructing the jury to find the appellant guilty; (4) The court erred in refusing to give to the jury the whole law of the case.

The uncontradicted testimony is that appellant, at the time of arrest, was lying across a bed in a private home asleep but in a drunken condition. We have held that it is not an offense to be drunk in a

private home. Commonwealth, for Use and Benefit of Coombs, v. Vincent, Sheriff, 282 Ky. 95, 137 S.W.2d 1091. Consequently no public offense was being committed in presence of the peace officer.

There was no warrant of arrest nor any indication that appellant was suspected of having committed a felony. At least one of these situations must exist. Section 36, Kentucky Criminal Code of Practice. It follows that the evidence obtained by such illegal arrest is inadmissible. Powell v. Commonwealth, 307 Ky. 545, 211 S.W.2d 850.

The court further erred in directing a verdict of guilty. In Bardin v. Commonwealth, 191 Ky. 651, 231 S.W. 208, 209, we said: " * * * it is never proper for the court to direct a verdict of guilty where there is a plea of not guilty, notwithstanding the fact that the evidence of his guilt may be convincing * * *." See also cases cited therein.

The judgment is reversed. If the evidence is substantially the same at another trial, the court will direct the jury to find appellant not guilty.