Thomas W. Hardesty, Newport, John Y. Brown, Lexington, for Thiem.

Daniel W. Daviess, Newport, for the Farleys.

J. D. Buckman, Jr., Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., Wm. J. Wise, Newport, for appellee.

**THIEM et al. v. COMMONWEALTH.**

Court of Appeals of Kentucky.

June 4, 1954.

PER CURIAM.

This is a motion for an appeal from a judgment of the Campbell Circuit Court convicting all three appellants on a joint trial of the offense of keeping a house of ill fame.

Appellants, Taylor Farley and Josh Farley, were each fined $200 and given a year in jail. They insist the court was without jurisdiction to try them as they had never been arrested or served with process and were not before the court. The Attorney General concedes this to be the fact and the judgment of conviction as to these appellants is void and must be reversed. Their motion for an appeal is sustained and the judgment so far as it relates to them is reversed.

Appellant, Thiem, was fined $200. He insists the indictment was demurrable. A reading of the indictment discloses it follows the wording of the statute and is good. McGeorge v. Com., 237 Ky. 358, 35 S.W.2d 530.

Thiem next contends incompetent evidence was admitted against him and with it excluded he was entitled to a peremptory instruction and the verdict was against the law and evidence. A reading of the record discloses there was no incompetent evidence admitted and there was

sufficient evidence to take the case to the jury and sustain the verdict. His objection really goes to the weight to be given the evidence rather than its competency. Of course, the weight to be given the evidence is for the jury rather than the reviewing court.

 Thiem also insists the trial judge erred in not granting him a separate trial. The right of joint defendants to separate trials applies only in felony cases. Criminal Code of Practice § 237; Lanham v. Com., 250 Ky. 500, 63 S.W.2d 585. A reading of the record discloses the trial judge did not abuse his discretion in overruling appellant's motion for a separate trial.

Appellant Thiem's motion for an appeal is overruled and the judgment as to him is affirmed.

Judgment as to Taylor and Josh Farley is reversed and it is affirmed as to Thiem.