Herbert COLLINS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 7, 1958.

Shumate & Shumate, Irvine, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The appellant, Herbert Collins, was convicted of carrying a pistol concealed and his punishment fixed at two years' imprisonment. KRS 435.230. He seeks a reversal of the judgment on the ground that the concealed weapon was discovered by an unlawful search of his person.

A search warrant had been issued by a justice of the peace of Estill County for the search of the appellant's premises, known as Marcumberland Inn, for intoxicating liquors possessed in violation of the local option law. The warrant was based upon an affidavit of a state policeman that on the day of issuance, August 20, 1954, the affiant and another officer had bought beer at the place described. It was during the execution of this search warrant that the charged crime of carrying concealed a

deadly weapon on the person was discovered.

The validity of the search warrant is challenged, but we find no fault in it.

Captain Newman of the state police force was asked on the trial if he had executed the search warrant, and he answered, "I did, by arresting Mr. Collins and reading the warrant." He testified more particularly that upon inquiry upon entering the place Collins had identified himself and said he was in charge, and "I told him he was under arrest and proceeded to read the warrant." After this, officer Ison "went around behind the counter where Mr. Collins was standing and searched him." Officer Isom testified, "When he was placed under arrest, he started to put his hand in his pocket, and I run my hand in his pocket, and the pistol was in the bottom of his right-hand pants pocket." The pistol had not been visible before this discovery. The witness stated he did not mean to say that Collins resisted arrest.

The search warrant was duly returned to the justice of the peace, endorsed, "Executed by searching place, the Marcumberland Inn" without listing what, if any, intoxicating liquor was found. Over objection, one of the officers testified that Collins was convicted of an offense as the result of the search; and Squire Page, who had issued the search warrant, testified that Collins was charged with a "crime" as the result of the search warrant, had pleaded guilty and was fined $100 and costs. This record does not reveal the nature of the charge. The Squire seems to have overlooked the mandate of the statute that the penalty for a first violation of the local option law for illegal possession of intoxicants is both a fine and a jail sentence. KRS 242.990.

On the same day the search warrant was issued the magistrate issued a warrant of arrest of Collins upon the charge of having sold intoxicating liquor to the state police, as described in the affidavit for the search warrant. There is nothing in this

record showing that this warrant had been delivered for execution to the officers who made the search or to any other officer. It bears on its reverse side a bond executed by Collins for his appearance at a trial to be held on a later date. The existence of this warrant of arrest seems to have no bearing upon this case.

 Where contraband goods are found during the course of or as a result of the execution of a search warrant, an officer may arrest the person in charge of the place or in possession of the goods for an offense committed in the officer's presence. After a lawful arrest, the officer is authorized to search the person of the prisoner; and information obtained thereby is competent evidence in subsequent prosecution. Ballou v. Commonwealth, 195 Ky. 722, 243 S.W. 922; Youman v. Commonwealth, 189 Ky. 152, 224 S.W. 860, 13 A.L. R. 1303; Commonwealth v. Puckett, 277 Ky. 131, 125 S.W.2d 1011; Parrott v. Commonwealth, Ky., 287 S.W.2d 440. Under some circumstances the search of a person may be legal as within the legitimate scope of the search warrant, or an arrest may be legal where it is made simultaneously with the search of the premises if any contraband goods have then been found. But the search of Collins' person in this case is not of that character. His arrest was made before beginning the execution of the search warrant, and there is nothing in this record to indicate any reasonable grounds for the arrest.

The only ground upon which the officer acted in placing Collins under arrest preceding the search of his premises was suspicion that he was committing a misdemeanor in the presence of the officer by then and there possessing intoxicating liquor in violation of law. Sec. 36, Criminal Code of Practice. There is no claim of self-defense or resistance to the search because Collins had put his hand in his pocket. The arrest being unlawful, the search of the accused was unlawful; and the evidence received by reason thereof was inadmissible. The court, therefore, should have sustained the defendant's objections to it. Bundy v. Commonwealth, 284 Ky. 119, 143 S.W.2d 1054; Powell v. Commonwealth, 307 Ky. 545, 211 S.W.2d 850. Since the conviction was based wholly upon incompetent evidence, we must reverse the judgment.

Judgment reversed.