Frank Lawrence **WILLIAMS**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 4, 1960.

George B. Boston, Bowling Green, for appellant.

John B. Breckinridge, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

WILLIAMS, Judge.

The appellant, Frank Lawrence Williams, was arrested for breach of peace, and, upon being searched, was found to have a half pint of whiskey on his person and 20 half pints in his automobile. Following discovery of the whiskey a warrant charging him with possession of alcoholic beverages for the purpose of sale in local option territory was issued. Appellant entered a plea of guilty on each of the counts in police court and then appealed the judgment relating to illegal possession of alcoholic beverages to the Barren Circuit Court. A jury found him guilty and fixed his punishment at a fine of $100 and 60 days in jail. Appellant has moved this Court for an appeal from the judgment pronounced upon that verdict.

The arrest on the breach of peace warrant was made by a deputy sheriff who testified that he did not read the warrant to appellant, but that he was "pretty sure" that he had the warrant with him. He refused to state positively whether he did or did not have the warrant but did state that the appellant did not request that it be read. It is appellant's theory that if the arresting officer did not have the warrant at the time the arrest was made the resulting search was illegal, and, as a consequence, there was no competent evidence to prove illegal possession of alcoholic beverages. He argues that, since the arresting officer did not show or read the warrant at the time the arrest was made, and refused to state positively whether or not he had the warrant at that time, a question of fact was presented which should have been submitted to the jury.

Section 36 of the Criminal Code of Practice provides that a peace officer may make an arrest in obedience to a warrant of arrest delivered to him; without a warrant when a public offense is committed in his presence; or when he has reasonable grounds for believing that the person arrested has committed a felony. And Section 39 of the Criminal Code of Practice provides that an arresting officer who is acting under a warrant of arrest shall give information thereof, and, if required, shall show the warrant. It is well established that upon making an arrest on a misdemeanor not committed in the presence of the arresting officer, the officer should have

a warrant in his possession in order to justify his position in making the arrest. In Powell v. Commonwealth, 307 Ky. 545, 211 S.W.2d 850, 851, a warrant had been issued and delivered to a deputy sheriff. On the same day a constable who did not have a warrant in his possession made the arrest. This Court said:

> "The arresting officer in this case had with him no warrant for Powell who was, so far as this record shows, behaving like a Sunday School student at the particular time and place of the arrest. * * *

> "Therefore, Powell appears to have been in this original custody without the proper legal preliminaries for such a custody."

Here the evidence pertaining to possession of 20 half pints of whiskey was admissible only if such whiskey was discovered pursuant to a search made in conjunction with a legal arrest. Whether or not a legal arrest was made has not been firmly established by the testimony offered at the trial. The question whether the arresting officer had the warrant at the time the original arrest was made should have been submitted to the jury with instructions to disregard evidence pertaining to the possession of the alcoholic beverages, unless it was found as a preliminary fact that the officer did possess the warrant. Parrott v. Commonwealth, Ky., 287 S.W.2d 440.

Other grounds for reversal are set forth by appellant, none of which we find to be prejudicial error or to warrant a reversal of the case.

In passing, we observe that upon appeal from the police court to the circuit court the trial was de novo and a plea of guilty in the inferior court was inadmissible. No objection having been made to the pro-duction of such evidence, however, the error was waived and cannot be considered on appeal to this Court. Also we note that the order of the trial court requiring the execution of a peace bond under KRS 242.410 is not subject to appeal.

The motion for an appeal is granted, and the judgment is reversed with directions that appellant be granted a new trial.