**Dennis Mike LITTLE and Jimmy Smith, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 13, 1968.

As Modified on Denial of Rehearing March 14, 1969.

**528**

---

H. M. Shumate, Shumate, Shumate & Flaherty, Irvine, for appellants.

John B. Breckinridge, Atty. Gen., Joseph L. Famularo, Asst. Atty. Gen., Frankfort, Buford A. Short, Beattyville, for appellee.

STEINFELD, Judge.

Appellants, Dennis Mike Little, 19 years of age, and Jimmy Smith, 22 years of age, were tried for an alleged violation of entry with intent to steal (KRS 433.190). They were found guilty and their punishment was fixed at one year in the Kentucky State Penitentiary. It is from judgment entered pursuant to that verdict that they appeal. We affirm.

Little and Smith, accompanied by 18-year-old Gary Horton, were seen by numerous persons including Police Chief Estill Tharp and Police Officer Claude Shanks on the night of February 8, 1968, generally driving around Beattyville, Kentucky, and particularly in the vicinity of the Brandenburg Restaurant. Late that night Chief Tharp and Officer Shanks heard some shooting in the neighborhood of the Brandenburg Restaurant and upon investigating learned that the guns had been fired by those three young men. Officer Price stated that he had received reliable information that these three had been engaged in the shooting.

After about two hours of searching for Little, Smith and Horton the officers parked their cruiser near a bridge and observed an unoccupied automobile which belonged to Mike Little standing "at the off the road salt pile". Around 1:30 a. m. on February 9, 1968, they saw a car coming down a hill with the headlights burning. The headlights were turned off just before it left the highway and it stopped next to Little's parked automobile. The car turned out to be Horton's and the three boys were in it. Officers Shanks and Price left their car, placed the boys under arrest and put them in the back seat of the cruiser. The appellants testified that the officers told them they had information that they had committed a felony and that they had to take them to jail. The boys claim that the officers did not inform them of the charge on which they were being arrested although they made inquiry several times. There is no testimony to rebut this assertion.

Officer Shanks stated that the police cruiser was parked 10 or 12 feet from the Horton automobile and that the headlights were burning and he could see into the car. He said he saw groceries on the back seat but his testimony is not clear as to whether he searched the car or observed the foodstuffs from without the car.

Officer Price clearly stated that he could see in the car and with a flashlight detected the food in the back of the car. He said it was labeled "Government Property".

Chief Tharp testified that the officers looked into the car after they placed the appellants in the police cruiser and that they saw foodstuffs consisting of "frozen chicken, fish and hamburger, or beef."

Later that night the same officers learned that the Southside School had been broken into and that frozen foodstuffs had been taken from the building. The officers testified that an investigation by them at the school revealed food scattered around the side of the building near the window where the entry had taken place. The testimony of the principal of the school showed that the food stolen was the same type as that found in the Horton car.

On February 2, 1968, almost four days after they were taken into custody, the grand jury indicted appellants on a charge of entering the Southside School with intent to steal in violation of KRS 433.190. On a date not revealed before us these same appellants were charged with shooting into the restaurant. Their trial on the latter charge resulted in a hung jury. Whether they have again been tried on the shooting charge we have no information.

Motion was made before trial to exclude evidence pertaining to the arrests and the food found in the car. The motion was overruled but was renewed and preserved throughout the trial.

■ One argument that error was committed in admitting evidence pertaining to the arrests and the food is predicated on the failure of the officers to inform Little and Smith of the offense for which they were being arrested.

KRS 431.025(1) provides that: "The person making an arrest shall inform the person about to be arrested of the intention to arrest him, and of the offense for which he is being arrested." This rule has been approved in McGeorge v. Commonwealth, 237 Ky. 358, 35 S.W.2d 530 (1931), and Johnson v. Commonwealth, 240 Ky. 337, 42 S.W.2d 341 (1931), in which we held "Persons about to be arrested are entitled to know the offense charged." Also see Collett v. Commonwealth, 296 Ky. 267, 176 S.W.2d 893 (1944).

Appellants cite no case holding that the failure to inform of the reason for the arrest is a basis for excluding evidence concerning the arrest and we know of none. In the absence of authority we are not persuaded by their argument.

■ On their claim that the evidence concerning the food was inadmissible, they say the search was illegal inasmuch as there was no conviction on the charge of shooting into the restaurant. The foodstuffs were observed without any search, and the officers did not force the Horton car to stop, therefore, admitting the evidence was proper. Rogers v. Commonwealth, Ky., 432 S.W.2d 405 (1968); Foster v. Commonwealth, Ky., 415 S.W.2d 373 (1966), cert. den. 388 U.S. 914, 87 S.Ct. 2128, 18 L.Ed.2d 1355. The police were justifed in investigating and the contraband was observed while the appellants were present. The claim that this evidence should have been excluded is without merit. The rationale of Pennington v. Commonwealth, Ky., 429 S.W.2d 364 (1967), applies. There we said:

"The crucial question to be determined by the trial court upon evidence out of the hearing of the jury is whether or not probable cause existed for the initial stopping. This should be done without regard to the pendency or the disposition of the initial offense. It is entirely possible that a defendant may be convicted on a charge when there was not probable cause for the initial arrest or may be acquitted on a charge where there was probable cause. Therefore, the outcome of the trial on the major offense should not be determined by the disposition of the arresting charge."

The law on this subject was carefully reviewed in Pennington and it would serve no purpose to discuss it further at this time.

■ RCr 3.02(2) provides in part "Any person making an arrest without a warrant shall take the arrested person without delay before a magistrate." This must be done as promptly as is reasonably

possible under the circumstances. Myers v. Dunn, 126 Ky. 548, 104 S.W. 352, 13 L.R.A.,N.S., 881 (1907), and Pepper v. Mayes, 81 Ky. 673, 5 Ky.Law Rep. 708 (1884). As that was not done appellants argue that the arrests were illegal and any evidence obtained by reason or in connection therewith was inadmissible. They rely on Settles v. Com., 294 Ky. 403, 171 S.W. 2d 999 (1943); Powell v. Com., 307 Ky. 545, 211 S.W.2d 850 (1948); Parrott v. Com., Ky., 287 S.W.2d 440 (1956); Com. v. Vaughn, Ky., 296 S.W.2d 220 (1956); Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957); Mc-Nabb v. United States, 318 U.S. 332, 63 S. Ct. 608, 87 L.Ed. 819 (1943), and Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100 (1948).

Those cases hold that evidence such as confessions obtained during illegal detention are inadmissible. A purpose of this rule is to check resort by officers to secret interrogation of persons accused of crime. Upshaw v. United States, supra. No evidence obtained directly or indirectly as a result of the failure to take appellants before a magistrate was offered or presented to the jury. They were not prejudiced on their trial because of the violation of this procedural rule. There is no constitutional right to a preliminary hearing. United States v. Heideman, 21 F.R.D. 335, D.C. 1958, affd., 104 U.S.App.D.C. 128, 259 F.2d 943; Tate v. United States, 109 U.S.App. D.C. 13, 283 F.2d 377 (1960). The above mentioned Supreme Court cases are not binding on the states. Strowder v. Shovlin, 380 F.2d 370 (CCA 3, 1967).

■ Before the indictment appellants were held in custody for four days (and according to their contention) without being told of the charges against them or the reason for their arrest. Testimony shows that the father of one of the appellants attempted to find out what the charges were and the amount of bail necessary to obtain a release. He talked with a number of public officials but could get no satisfaction. No bail was set during that time. The appellants argue that this illegal detention violated their constitutional rights. They seem to rely on the 6th Amendment to the United States Constitution which guarantees a speedy trial. No unusual delays occurred. There were some preliminary motions promptly disposed of and a trial four months after the indictment.

We do not condone holding the appellants for four days without charges being made but this was not prejudicial to them on their trial, therefore, the alleged illegality of their detention is not a ground for reversal.

■ Another contention is that the appellants were entitled to a directed verdict because, they say, there was no evidence directly connecting them with the offense charged. Appellants argue that the only evidence linking them with the offense was the testimony of the police officers to the effect that they had discovered the food packages in the automobile occupied by them. The school principal identified the food.

We have held many times that a criminal conviction may be sustained on the basis of circumstantial evidence. Parsley v. Com., Ky., 273 S.W.2d 372 (1954); Byrd v. Com., Ky., 283 S.W.2d 191 (1955); Baker v. Com., Ky., 307 S.W.2d 773 (1957); Mason v. Com., Ky., 357 S.W.2d 667 (1962); Wheeler v. Com., Ky., 395 S. W.2d 565 (1965); Johnson v. Com., Ky., 403 S.W.2d 36 (1966) and Cissell v. Com., Ky., 419 S.W.2d 555 (1967).

The testimony had sufficient probative value to sustain the verdict of the jury. McBrayer v. Com., Ky., 406 S.W.2d 855 (1966) and Hack v. Com., Ky., 418 S.W.2d 216 (1967).

The judgment is affirmed.

All concur.