Roscoe **CLEMONS**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Jan. 29, 1971.

H. B. Noble, C. A. Noble, Jr., Hazard, for appellant.

Tolbert Combs, Commonwealth Atty., Hazard, John B. Breckinridge, Atty. Gen., Curtis L. Wilson, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

Appellant, Roscoe Clemons, was found guilty of the crime of maliciously shooting at and wounding another with intent to kill. KRS 435.170. His punishment was fixed at two years in the penitentiary. After the lower court overruled motions for a new trial and probation, Clemons appealed claiming that four trial errors were committed. We reverse.

On March 12, 1970, Sergeant John Humpkey and Lieutenant L. T. Owens of the Kentucky State Police went to the Clemons residence to arrest the wife of the appellant on a warrant. The premises consisted of a retail beer outlet in front and living quarters in the rear. She requested and they agreed that she should have ten minutes to change her clothing. They returned to their cruiser parked at the road to wait for her.

The evidence is somewhat conflicting but it is substantially as follows: While the officers were in the cruiser Roscoe Clemons approached it and said that his

father was going to take Mrs. Clemons to the court house. Lieutenant Owens insisted that Mrs. Clemons go with them. The officers testified that Clemons became belligerent and said: "That is what the hell you think, she is not going a goddamned place with you two." Clemons then returned to the building, entered the store and the officers followed. They testified that they intended to arrest him for interfering with their efforts to arrest Mrs. Clemons. When Mr. Clemons was either just in or out of the doorway to his living quarters Sergeant Humpkey placed his hand on Clemons' shoulder and said "Come here, Roscoe" whereupon Clemons turned and with a handgun fired four shots, one of which struck Humpkey in the left chest. The officers were finally able to take the gun from Clemons and subdue him in the struggle which ensued. He denied he made the claimed statement.

■ Clemons contends that his motion for a directed verdict should have been sustained because the officers had no right under the constitution and general law to physically accost him in his residence without having a warrant for him or without advising him that he was under arrest. He relies on Section 10 of our state Constitution which protects persons from unreasonable seizures, and on KRS 431.025 which states:

"Notice of Intention to arrest; act of arrest; force. (1) The person making an arrest shall inform the person about to be arrested of the intention to arrest him, and of the offense for which he is being arrested."

He argues that the duty to inform is mandatory and that the officers having failed to do so Clemons " * * * had the right to defend his person." Cited is McGeorge v. Com., 237 Ky. 358, 35 S.W.2d 530 (1931), in which we said:

"A person about to be arrested is entitled to know of the intention of the officer to arrest him and the offense with

which he is charged. Otherwise, he is not required to submit to an arrest."

Clemons also relies on Johnson v. Com., 240 Ky. 337, 42 S.W.2d 341 (1931), in which we wrote:

"Persons about to be arrested are entitled to know the offense charged. Where the person attempting to make the arrest has not informed the person that he is about to be arrested and of the nature of the offense, as required by the above section of the Code, the person about to be arrested may resist with impunity."

The Commonwealth responds that the proof showed the officers had no time to inform Clemons of the reason for his arrest. It cites Johnson v. Com., supra, which stated:

" * * * The only exception to the above rule is to be found in that class of cases where the accused knew the officer had a warrant for his arrest or in those cases where, under the emergency of the circumstances, the officer has no chance or opportunity to inform the accused."

The conflict in proof made it proper for the lower court to overrule the motion for a directed verdict and to permit the jury to consider these issues under the self-defense instruction which was given for the benefit of Clemons.

■ The next claim of error which Clemons asserted on his motion for a new trial and he raises here was the failure of the trial court to give an instruction that the jury could find him guilty of a lesser crime if the shooting occurred in a sudden affray or " * * * in sudden heat and passion without previous malice * * *". This is a misdemeanor denounced by KRS 435.-180, a lower offense than that for which he was charged. Tipton v. Com., Ky., 250 S.W.2d 1015 (1952). Because of the testimony that Clemons had no malice toward the officers and that he was attempting to

protect himself from them as they accosted him in his residence we hold that his contention is correct. Cf. Eve v. Com., 278 Ky. 123, 128 S.W.2d 616 (1939). If there is another trial, the evidence being substantially the same, such an instruction should be given. See Stanley's Instructions to Juries, Vol. 3, Section 810.

■ Clemons complains that the Commonwealth Attorney in his closing argument stated " * * * let me tell you something, you take this uniform group of people out of Post 13 and in two weeks time, two weekends, you won't be able to go to your church on Sunday." Clemons' objection was overruled. There was no request for an admonition. It is contended that there is no evidence to support any such argument and that it was used solely for the purpose of inflaming the jury. We do not consider this argument prejudicially improper. Fields v. Com., 275 Ky. 136, 120 S.W.2d 1021 (1938) and Sarver v. Com., Ky., 425 S.W.2d 565 (1968).

The other claim of error that the jury was coerced to make a verdict is unlikely to recur, therefore, we find it unnecessary to discuss it.

The judgment is reversed for another trial consistent with this opinion.

All concur.