Kimberly BEACH, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 95–SC–12–DG.

Supreme Court of Kentucky.

June 20, 1996.

Rehearing Denied Sept. 26, 1996.

Kathleen Kallaher, Pike & Schmidt Law Office, PSC, Shepherdsville, for appellant.

A.B. Chandler, III, Attorney General, Joseph R. Johnson, Assistant Attorney General, Criminal Appellate Division, Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals denying discretionary review. Beach was convicted of driving under the influence, first degree, in Harrison District Court. She was sentenced to a $200 fine plus costs, a 90–day license suspension and alcohol education classes. The circuit court affirmed the district court conviction and the Court of Appeals denied discretionary review. This Court granted review.

The sole issue presented is whether it was proper for the police to take a blood test

instead of first conducting a breathalyzer test.

The district court trial produced testimony from the state police officer that he responded to the scene of an accident in which a single car had gone over an embankment. Although he did not see anyone in the car when he arrived, Beach told him she owned the car and had been driving. The officer testified that Beach smelled strongly of alcohol, was unsteady, and failed a number of field sobriety tests as well as a portable breath test. He believed she was intoxicated. Beach was then taken to a local hospital for a blood test. She consented to the test. Although it is not part of the record in this case, it appears that the breathalyzer at the local police headquarters was not working. The officer testified he did not remember to check to see if the machine was available for a breath test. The blood test results were introduced over objection. Beach had previously filed a motion for suppression of the blood test which had been overruled.

Beach argues that the trial judge committed reversible error to her substantial prejudice when he refused to suppress the results of a blood test as directed by a police officer who did not first offer Beach a breath test. She maintains that this is in violation of KRS 189A and the due process clause of the Fourteenth Amendment. We disagree. The trial judge properly refused to suppress the results of the blood test.

The provisions of KRS 189A.103 are based on the public policy determined by the legislature that an individual driving on the highways of Kentucky has given implied consent to the performance of blood, breath and/or urine tests in the event that the individual is suspected of driving a vehicle under the influence. KRS 189A.103(1).

KRS 189A.103 states in pertinent part as follows:

The following provisions apply to any person who operates or is in physical control of a motor vehicle or a vehicle that is not a motor vehicle in this Commonwealth:

(1) He is deemed to have given his consent to one (1) or more tests of his blood, breath, and urine, or combination thereof, for the purpose of determining alcohol concentration or presence of a substance which may impair one's driving ability, if arrested for any offense arising out of a violation of KRS 189A.010(1) or 189.520(1).

. . . . .

(5) When the preliminary breath test, breath test, or other evidence gives the peace officer reasonable grounds to believe there is impairment by a substance which is not subject to testing by a breath test, then blood or urine tests, or both, may be required in addition to a breath test, or in lieu of a breath test.

Subsection 1 is the informed consent statute. It states that a person is deemed to have given his consent to one (1) or more tests of blood, breath and urine, or combination thereof, for the purpose of determining alcohol concentration or presence of a substance which could impair driving ability if arrested for any offense arising out of a violation of KRS 189A.010(1) or 189.520(1).

Subsection 5 provides that when a preliminary breath test, breath test or other evidence gives a peace officer reasonable grounds to believe that there is an impairment by substance which is not subject to testing by a breath test, then blood or urine tests, or both, may be required in addition to the breath test or in lieu of a breath test.

Beach contends that this statutory language requires the breath test to be given first. She claims that the arresting officer should not be given unfettered discretion in determining which of the three types of tests should be administered first. She contends that the statute clearly shows that the General Assembly never intended blood or urine tests to be the initial procedure.

■ The purpose of Chapters 189 and 189A is to prevent persons from operating vehicles in Kentucky when they are under the influence of a substance which may im-

pair their driving ability and to punish those individuals found to be driving under such influence. The intended purpose of the implied consent section set out in KRS 189A.103 is clearly enunciated in Subsection 1. In order to determine whether an individual is driving a vehicle under the influence, the legislature provided that a person is deemed to consent to one or more or any combination of blood, breath or urine tests. The language of the statute provides that a police officer may require an individual to submit to such tests in the absence of a provision to the contrary. The argument that Subsection 5 limits the police in their ability to administer blood or urine tests is without merit. There is no priority expressed in the statute and no preferred method for determining blood alcohol content.

■ A fundamental rule of statutory construction is to determine the intent of the legislature, considering the evil the law was intended to remedy. In determining whether a conflict exists between sections of a statute, a practical result must be found. *Cf. Brown v. Hoblitzell,* Ky., 307 S.W.2d 739, 744 (1956). The intent of the legislature is clear. It is to establish implied consent.

■ Under any set of circumstances, the blood test results were admissible. Exclusion of evidence for violating the provisions of the informed consent statute is not required. It has been held in Kentucky and elsewhere that in the absence of an explicit statutory directive, evidence should not be excluded for the violation of provisions of a statute where no constitutional right is involved. *See Little v. Commonwealth,* Ky., 438 S.W.2d 527 (1968). The Commonwealth cites a number of authorities from other state and federal courts. We find the language of the Wisconsin Supreme Court to be persuasive. It held in *State v. Zielke,* 137 Wis.2d 39, 403 N.W.2d 427 (1987), that the exclusion of evidence was not required for violation of the implied consent statute of the state noting that the overall purpose of the legislation was to facilitate obtaining evidence of driving while under the influence. KRS 446.080(1) provides that all statutes of this state shall be liberally construed with a view to promote their objects and to carry out the intent of the legislature.

Even under the interpretation urged by Beach, the statute contains no explicit or implicit directive from the General Assembly that requires exclusion of evidence obtained. The United States Supreme Court has held that a blood test does not violate the Federal Due Process Clause, the Fifth Amendment against self-incrimination, the Sixth Amendment right to counsel or the Fourth Amendment right to unlawful search and seizure. *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

■ Exclusion of evidence for violating the provisions of the implied consent statute is not mandated absent an explicit statutory directive. Evidence should not be excluded for violation of the statute's provisions where no constitutional right is involved. *Little, supra.*

It is the holding of this Court that KRS 189A.103(1) and (5) do not require that a police officer must first offer a DUI suspect a breath test before asking him or her to submit to a blood test. The provisions of KRS 189A.103 provide that an individual driving on the highways of Kentucky has given implied consent to the performance of a blood, breath and/or urine tests in the event the individual is suspected of driving a vehicle under the influence.

The judgment of conviction is affirmed.

BAKER, GRAVES, KING and LAMBERT, JJ., concur.

STUMBO, J., concurs in result only by separate opinion in which STEPHENS, C.J., joins.

STUMBO, Justice, concurring in result.

I concur in the result reached by the majority, but write separately. The majority opinion glosses over what I believe is the

dispositive fact in this case—Ms. Beach consented to the blood test. There was absolutely no need to go beyond this fact in resolving this case. Instead, the majority has written an opinion holding, first, that the provisions of the informed consent statute had not been breached; second, that, even if the provisions had been breached, said breach is not grounds for suppression in the absence of the violation of a constitutional right; and third, there was no constitutional violation. Once it had been determined that the statutory provisions had not been breached, the other issues need not have been addressed.

I agree with Appellant's contention that the legislature has impliedly expressed a preference for breath testing via its provision for breathalyzer machines for each county and the wording of KRS 189A.103(5); however, the expression of a preference does not amount to a directive, which is consistent with the majority's holding. My concern is that the breadth of the majority opinion will make it difficult to mount a challenge to an arbitrary or punitive exercise of the broad discretion granted the arresting officer in requiring excessive testing that is bodily intrusive, when the less intrusive breath testing is both available and sufficient to preserve the evidence necessary for a conviction.

STEPHENS, C.J., joins this opinion.