## Commonwealth ex rel. Tate, Appellant, *v.* Shovlin.

Submitted March 15, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Otis Tate,* appellant, in propria persona.

*Joseph M. Smith,* Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MONTGOMERY, J., April 15, 1965:

Relator-appellant is a patient at the Farview State Hospital, having been committed there on August 22, 1963, by the Court of Quarter Sessions of Philadel-

phia County following its receipt of a report from a commission consisting of two doctors and a lawyer which it had appointed to investigate the condition of relator. The commission reported that, "Relator was an abnormal character, classified as a constitutional psychopathic inferiority and sociopathic behavior, with hostility and aggressiveness, and there is undoubtedly risk or danger that he will injure others." Relator's commitment was pursuant to section 344 of The Mental Health Act of June 12, 1951, P. L. 533, as amended, 50 P.S. §1224. He had been charged with having committed the crimes of larceny, burglary, receiving stolen goods, and carrying concealed deadly weapons but had not been brought to trial because of his mental condition.

On September 29, 1964, more than a year after his commitment, relator filed a petition for a writ of habeas corpus in the Court of Common Pleas of Philadelphia County. A rule was granted thereon directed to Dr. John P. Shovlin, Superintendent of the Farview State Hospital, which was answered by James C. Crumlish, Jr., District Attorney of Philadelphia County, with an affidavit of Dr. Shovlin attached thereto, the substance of which alleged that relator was at that time possessed of criminal tendencies and required additional hospitalization at Farview Hospital and alleged that relator had not requested an examination by an independent psychiatrist as authorized by section 801 of the Act of 1951, as amended by the Act of August 14, 1963, P. L. 895, §6, 50 P.S. §1481. Relator's petition was dismissed without a hearing and without an opinion.

Relator's petition recited that it was filed in accordance with section 802 of the Act of 1951. That section was specifically repealed by section 7 of the Act of August 14, 1963, P. L. 895, 50 P.S. §1482, prior to the time his petition was filed. However, section 3 of the

Act of 1963 gives the right to petition for a writ of habeas corpus in accordance with the general habeas corpus act, the Act of May 25, 1951, P. L. 415, 12 P.S. §1901, and section 4 of the Act of 1963 gives a right to file a petition for discharge with the committing court or the common pleas court of the county wherein the petitioner is confined. Since relator's petition was not filed in either the common pleas court of the county of confinement or in the committing court, the Quarter Sessions Court of Philadelphia County, we are constrained to conclude it should be considered as a petition for a writ of habeas corpus under section 3 of the Act of 1963, and in accordance with the general habeas corpus act. Section 5 of that act provides for a hearing,[1] and we have held this to be mandatory unless the petition is not self-sustaining and fails to make out a case entitling petitioner to such a writ. *Commonwealth ex rel. Forsythe v. Myers,* 200 Pa. Superior Ct. 636, 189 A. 2d 920 (1963); *Commonwealth ex rel. Lockhart v. Myers,* 193 Pa. Superior Ct. 531, 165 A. 2d 400 (1960), cert. denied, 368 U.S. 860, 82 S. Ct. 102, 7 L. Ed. 2d 57.

Relator complains as follows: (1) he is being held a prisoner in violation of his constitutional rights guaranteed by the Sixth Amendment of the United States Constitution; (2) since his confinement he has not been examined by persons qualified to test his mental and emotional conditions; (3) The Mental

---

[1] The Act of May 25, 1951, P. L. 415, §5, 12 P.S. §1905: "In ordering the writ to issue, or in awarding a rule to show cause, the judge shall fix a date for a hearing, which shall be held as promptly as may be, and may or may not order the relator to be produced at the hearing, as the circumstances may warrant, and except when the relator is charged with a non-bailable offense or has been convicted and sentenced, the judge may, in his discretion, fix bail in such amount as he deems appropriate for the appearance of the relator at the time and place of hearing and may order his discharge meanwhile."

Health Act of 1951 does not afford due process and is violative of the Fourteenth Amendment to the United States Constitution, in that it does not permit a hearing on the commissioners' report; (4) relator's condition has been improperly diagnosed as he is not insane but has merely a personality disorder for which he has not been given adequate treatment.

Relator's petition fails to show in any way that his constitutional rights have been violated under either of the amendments cited by him. Relator is not the subject of a criminal prosecution nor is he being subjected to punishment. A proceeding under The Mental Health Act is not a criminal prosecution but a collateral proceeding to determine the mental condition of the person involved for his benefit or for the benefit of the public, or both. *Commonwealth v. Bechtel,* 384 Pa. 184, 120 A. 2d 295 (1956). The court is in the position of parens patriae of such persons. *In re Ryan,* 47 F. Supp. 10 (1942). Section 345 of the Act of 1951, as amended, 50 P.S. §1225, provides for a hearing by the court following receipt of the commission's report, thus assuring due process in compliance with the Fourteenth Amendment.

Relator's petition resolves itself into the one issue of whether he is mentally competent at the present time. Apparently the lower court resolved this question solely on the basis of Dr. Shovlin's affidavit and the admission by relator in his petition that he has a personality disorder for which he has not been receiving adequate treatment. Since relator's petition acknowledges a mental condition requiring medical attention, and without giving effect to Dr. Shovlin's affidavit, we conclude that it is not self-sustaining as to require a hearing. Under The Mental Health Act "Mental Illness" is defined as an illness which so lessens the capacity of a person to use his customary self-control, judgment and discretion in the conduct

of his affairs and social relations as to make it necessary or advisable for him to be under care. Relator's petition admits that he is within this definition. If and when he recovers sufficiently, he may assert his right as a patient under section 801 of the Act of 1951.[2]

Order affirmed.

[2] Act of June 12, 1951, P. L. 583, §801, as amended, 50 P.S. §1481: "Every patient in any institution shall have the right . . . to request the Commissioner of Mental Health to arrange for the examination of the patient's mental condition by a qualified physician not associated with the Department of Public Welfare. Liability for costs of such examination shall be imposed as prescribed for costs of care under section 701 of this act. The Commissioner of Mental Health may refuse to grant such request only when it is made sooner than six months after the patient's admission or sooner than one year after a previous examination under this section."