**Melvin J. SKIPPER, Appellant,**

v.

**Dr. John P. SHOVLIN, Superintendent, Farview State Hospital, Waymart, Pennsylvania.**

**No. 15823.**

United States Court of Appeals Third Circuit.

Submitted on Briefs Sept. 16, 1966.

Decided Oct. 21, 1966.

---

Melvin J. Skipper, pro se.

Jacques H. Fox, Dist. Atty., Delaware County, Media, Pa. (Ralph B. D'Iorio,

Asst. Dist. Atty., Paul R. Sand, First Asst. Dist. Atty., on the brief), for appellee.

Before STALEY, Chief Judge, and McLAUGHLIN and SEITZ, Circuit Judges.

OPINION OF THE COURT

STALEY, Chief Judge.

In 1949 Melvin J. Skipper pleaded guilty to charges of burglary and other offenses. He was sentenced to serve not less than five nor more than twenty years. Though he was subsequently released on parole, he was later reincarcerated for parole violations. In 1964, while serving the balance of his sentence, the superintendent of the prison where he was being detained petitioned the state courts pursuant to § 344 of the Mental Health Act, as amended, 50 Purdon's Pa.Stat.Ann. § 1224 (Supp.1965),[1] to commit Skipper to a state mental hospital. Subsequently, the state court ordered that appellant be committed to the Farview State Hospital.

In seeking his release from the state hospital, appellant urges that he is not insane and that his commitment was lacking in the requisites of due process in two particulars, namely, that neither he nor his relatives were notified of any hearing and that he was entitled to a hearing.[2] The district court denied the petition on the grounds that appellant had not exhausted his state remedies; the court noted that the Mental Health Act, 50 Purdon's Pa.Stat.Ann. § 1481

1. "§ 1224. Petition for commitment of prisoner or person released on bail

"(a) Petition for the commitment of the following may be made to the court under the order of which such person is detained or which has jurisdiction of the charge.

"(1) Any person detained in any penal or correctional institution who is thought to be mentally ill or in such condition that he requires care in a mental hospital, or who is thought to be a mental defective * * *

  *   *   *   *   *

"(b) The application shall be in writing on a form prescribed by the department. It may be made by counsel for the prisoner or the superintendent, warden, jail

physician, or other executive officer of the institution in which the person sought to be committed is detained, or by any responsible person, whether or not he is connected with such institution. * * *"

2. 50 Purdon's Pa.Stat.Ann. § 1225 states:

"(a) Within ten days of the receipt of an application for commitment, the clerk of court shall cause to be served written notice of the filing of the application on the prisoner's counsel, if he has any, and on his nearest available relative, or, in the absence of such, his nearest available friend, and shall endorse on the application the names of those notified. Thereupon, the court shall order an ex-

(Supp.1965), provides that patients have the right to request examinations to determine their mental condition and that appellant had failed to follow that procedure.

We note at the outset that the Commonwealth concedes that appellant's conviction of burglary in 1949 was unconstitutionally obtained and that he will have to be retried. It is not clear whether appellant has exhausted his state remedies with regard to the constitutionality of the commitment procedure. The record indicates that appellant was before the state courts in 1963 and 1964 and that the denial of his petition for a writ of habeas corpus by the Delaware County court was affirmed by the Superior Court shortly before the commitment proceedings were initiated. It is therefore clear that those proceedings could not have raised the questions presented here. However, another petition for a writ of habeas corpus was submitted after his commitment. This was also denied, but the record does not indicate whether this denial was appealed.

This appeal raises several questions of substantial constitutional dimensions especially in light of our decision in United States ex rel. Gerchman v. Maroney, 355 F.2d 302 (C.A.3, 1966). Though the Pennsylvania courts have taken the position that proceedings under the Mental Health Act are not criminal but collateral, they have apparently overlooked the fact that the statute does not require that the party sought to be committed be given notice of the proceedings nor does it require the holding of a hearing at *his request*. Commonwealth ex rel. Tate v. Shovlin, 205 Pa.Super. 371, 208 A.2d 924 (1965). Compare Commonwealth v. Ballem, 391 Pa. 626, 635, 139 A.2d 534, 539 (1958). But see Walters v. McKinnis, 221 F. 746 (W.D.Pa., 1915).

■■ Though we cannot concur in the district court's conclusion that appellant is required to request an examination from the Commissioner of Mental Health before he can be said to have exhausted his state remedies,[3] on the record before us there is no indication that the Pennsylvania appellate courts have had an opportunity in this case and in light of our *Gerchman* opinion, supra, to decide the particular constitutional issues now before us. We must therefore remand this case to the district court for a determination of whether appellant has exhausted his state remedies with regard to his contentions that he was denied both notice and hearing before he was committed to the state hospital, and to proceed in light of that determination and this opinion.

The judgment of the district court will be vacated and the cause remanded for disposition not inconsistent with this opinion.

amination of the person sought to be committed by two qualified physicians or a commission. Notice of the time and place of the psychiatric examination shall be given to the persons whose names are endorsed on the application by the clerk of court as aforesaid.

"(b) If the court is satisfied that the person sought to be committed is mentally ill or mentally defective, notice of the fact shall be given to counsel, if he has any, and to his nearest available relative, or, in the absence of such, his nearest available friend, who shall be given opportunity to be heard.

"(c) If no hearing is requested by those notified as aforesaid, the court may nevertheless hold a hearing, summon other witnesses, and secure further evidence subse-

quent to receipt of the report of such examination. * * * "

3. Under the Pennsylvania Mental Health Act there are three avenues by which a patient may be released: (1) by requesting an examination from the Commissioner of Mental Health, 50 Purdon's Pa. Stat. Ann. § 1481 (Supp.1965); (2) by filing a petition for a writ of habeas corpus, 50 Purdon's Pa.Stat.Ann. § 1241 (Supp.1965); (3) by filing a petition for discharge in the court which committed him or the court of common pleas in the county where he is being detained, 50 Purdon's Pa.Stat.Ann. § 1304 (Supp. 1965). 28 U.S.C. § 2254 does not require *all* the available state remedies to be exhausted. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953).