**James STROWDER, Appellant,**

v.

**Dr. John P. SHOVLIN, Superintendent, Fairview State Hospital, Waymart, Pennsylvania.**

**No. 16387.**

United States Court of Appeals
Third Circuit.

Submitted May 5, 1967.

Decided June 23, 1967.

---

3. A similar cloth was used during the robbery to hide the gun of the robber.

James Strowder, pro se.

Edwin J. Martin, Robert W. Duggan, Dist. Atty., Pittsburgh, Pa., for appellee.

Before STALEY, Chief Judge, and BIGGS and HASTIE, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of appellant's writ of habeas corpus. The appellant, James Strowder, is presently confined in the Fairview State Hospital. He had pleaded guilty to a charge of armed robbery and was sentenced to imprisonment for not less than eighteen months nor more than five years on January 4, 1960. He was released on parole in June of 1961, but he was later apprehended and required to serve the balance of his sentence because of a parole violation.[1] While he was serving the balance of his term, he was ordered to be committed to the Fairview State Hospital.

■ Appellant's lengthy brief questions the legality of his conviction in 1960 and the constitutionality of the procedure by which he was committed to the state hospital. It is clear that he has not exhausted his state remedies with regard to the commitment proceedings as is required by 28 U.S.C. § 2254.[2] Cf., Skipper v. Shovlin, 368 F.2d 954 (C.A. 3, 1966). We, therefore, do not deal with those questions.

■ His arguments concerning the unconstitutionality of his conviction are not detailed. From the cases cited and the copious quotations appearing in his brief, appellant appears to question the length of his detention and questioning and the failure of the police to advise him to remain silent and to permit him to consult with his family and counsel. The cited cases of Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957), and McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943), are neither constitutional in dimension nor are they binding on the States. There is also no merit in appellant's reliance upon Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Though those cases were not discussed by the district court, Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), precludes the application of their principles to this case.

The judgment of the district court, 272 F.Supp. 271, will be affirmed.

1. He was arrested on a charge of armed robbery to which he pleaded guilty and received a suspended sentence.

2. We do not reach the issue of the voluntariness of appellant's confession. Though the district court discussed this issue, the record indicates that there has been no exhaustion of state remedies concerning this matter.