# Commonwealth ex rel. Mistishen v. Shovlin

*Frederick J. Lanshe*, for petitioner.

*Wardell F. Steigerwalt and George J. Joseph*, for respondent.

WIEAND, J., July 11, 1967. — While serving a sentence of imprisonment, imposed following a plea of guilty to the crime of burglary, Peter Mistishen was found to be mentally ill with criminal tendencies and was committed to Farview State Hospital. He has now petitioned the court for a writ of habeas corpus, alleging irregularities in the procedure which resulted in his commitment.

At the time of petitioner's commitment, the applicable statute was the Mental Health Act of June 12, 1951, P. L. 533, sec. 101, as amended, 50 PS §1071 et seq. Procedure for commitment of a person detained in a penal institution was established by section 345, 50 PS §1225, as follows:

"(a) Within ten days of the receipt of an application for commitment, the clerk of court shall cause to be served written notice of the filing of the application on the prisoner's counsel, if he has any, and on his nearest available relative, or, in the absence of such, his nearest available friend, and shall endorse on the application the names of those notified. Thereupon, the court shall order an examination of the person sought to be committed by two qualified physicians or a commission. Notice of the time and place of the psychiatric examination shall be given to the persons whose names are endorsed on the application by the clerk of court as aforesaid.

"(b) If the court is satisfied that the person sought to be committed is mentally ill or mentally defective, notice of the fact shall be given to counsel, if he has any, and to his nearest available relative, or, in the absence of such, his nearest available friend, who shall be given opportunity to be heard.

"(c) If no hearing is requested by those notified as aforesaid, the court may nevertheless hold a hearing, summon other witnesses, and secure further evidence subsequent to receipt of the report of such examination.

"(d) If the court is satisfied that the person sought to be committed is mentally ill or mentally defective, it shall order the commitment or transfer of such person to a mental hospital or an institution for mental defectives. If the person is undergoing sentence or is found to have a criminal tendency, the commitment shall be to a State hospital for patients convicted of crime, charged with crime, or with criminal tendencies".

In the instant case, the record shows that, upon application of the warden of the prison, this court appointed two qualified physicians who examined the prisoner, found that he was mentally ill and of criminal tendency, and recommended that he be committed to the Farview State Hospital. Having considered the findings of the physicians, the court was satisfied that Peter Mistishen was mentally ill and ordered his commitment. The record fails to reveal, however, that notice was given to the prisoner's counsel or to his nearest available relative at any stage of the proceedings.

The statute provides for the right to a hearing following receipt of the physicians' report. The hearing may be requested by the prisoner's counsel or by his nearest relative, or it may be required by the court without request. This right to a hearing assures due process in compliance with the Fourteenth Amendment to the Constitution of the United States: Commonwealth ex rel. Tate v. Shovlin, 205 Pa. Superior Ct. 370, 374. In the absence of a request for a hearing, however, it is not mandatory that the court hold one. Thus, a failure to give notice of the proceedings may well constitute an effective denial of the right to request that hearing which is guaranteed by the statute and which assures due process of law.

The Commonwealth has argued that the proceedings

for commitment are presumptively regular, and that this court should not set aside the commitment without affirmative evidence that, in fact, notice was not given. The difficulty with this argument is that it overlooks the specific language of section 345, which requires not only that notice be given but also that the clerk of court "endorse on the application the names of those notified". The absence of the endorsement, we believe, is sufficient of itself to evidence the failure to give that notice which is required by the statute.

In view of the failure to give proper notice, therefore, the procedure by which Peter Mistishen was committed to Farview State Hospital is materially defective and must be set aside.

### ORDER

And now, July 11, 1967, it is ordered that the commitment of Peter Mistishen to Farview State Hospital on September 30, 1966, be and it is hereby set aside; and the Sheriff of Lehigh County is directed to receive the said prisoner and return him to the Lehigh County Prison, where he shall remain until the balance of his sentence shall have been served or until further order of this court.