**Frank STACHULAK, Individually and on behalf of others similarly situated, Plaintiff,**

v.

**Joseph COUGHLIN, Individually and in his capacity as Acting Director of the Illinois Department of Corrections, et al., Defendants.**

No. 73 C 861.

United States District Court,
N. D. Illinois, E. D.

Oct. 5, 1973.

Mark Spiegel, Mandel Legal Aid Clinic, Chicago, Ill., for plaintiff.

James Zagel, Asst. Atty. Gen. of Ill., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

### Motion To Dismiss

MAROVITZ, District Judge.

The plaintiff, Frank Stachulak, is currently in the custody of the Illinois Director of Corrections at the Psychiatric Division of the Illinois State Penitentiary, Menard, pursuant to a finding by the Circuit Court of Cook County that he is a sexually dangerous person under Ill.Rev.Stats. chap. 38, § 105–1. Defendants are the state officials responsible for the care and custody of plaintiff Stachulak. Plaintiff seeks relief both under the Federal Civil Rights Act and the Federal Habeas Corpus Act, 42 U.S.C. § 1983, and 28 U.S.C. § 2254 respectively, claiming that his constitutional rights have been violated in the following manner: (1) the failure of the statute to require proof beyond a reasonable doubt before depriving plaintiff of his liberty violated his rights under the Due Process Clause; (2) the language of the Act is too broad and vague to guarantee Due Process and Equal Protection; (3) plaintiff is treated worse than criminal defendants and those committed under the mental health laws in violation of the Equal Protection Clause; and (4) the failure to provide treatment for one committed under civil standards for a "mental disorder" violates the Eighth and Fourteenth Amendment.

Defendants have moved to dismiss the case for failure to state a cause of action upon which relief can be granted. Defendants contend that this action is an application for a writ of habeas corpus in which state remedies have not been exhausted, that the constitutionality of the Sexually Dangerous Persons Act has already been adjudicated in the state and federal courts in a manner dispositive of these issues, and that there

is no constitutional right to treatment for those committed.

The Court overrules the defendants' motion to dismiss for failure to state a claim upon which relief can be granted. While the Court is of the opinion that the Sexually Dangerous Persons Act, Ill.Revised Statutes ch. 38, § 105–1.01 et seq., is a constitutionally valid act, its administration leaves much to be desired. The Court is primarily interested in a determination of what treatment is actually provided for defendants' commitment under this Act. From a reading of the briefs it appears very little treatment, if any, has been furnished to this defendant during his period of commitment.

Discovery is ordered with a view to determining what programs, if any, are established to provide the treatment called for in the statute. The Court suggests that the Director of Corrections be deposed, or in lieu thereof and by agreement of the parties, the Director of Corrections shall advise the Court of policies now pursued and facilities available for treatment of offenders committed under the Act, with copies to be sent to the attorney for plaintiff, the State's Attorney General, as well as to the Court. The action is continued for a status report thirty days henceforth, on November 5, 1973, at which time depositions and/or reports shall be filed.

The Court also notes its agreement with the recent decision of Wyatt v. Stickney, 344 F.Supp. 387 (M.D.Ala. 1972) insofar as that case recognizes a constitutional right to treatment for civilly committed mental patients. That case reasoned that such patients have a constitutional right to adequate treatment because confining a person on the altruistic theory that he must receive treatment and then failing to provide it violates due process. And although the Supreme Court has not ruled on this issue directly, it stated explicitly in Jackson v. Indiana, 406 U.S. 715, 738, 92 S. Ct. 1845, 32 L.Ed.2d 435 (1972), that the state must either justify continued confinement by therapeutic progress, or release the patient. In Humphrey v. Cady, 405 U.S. 504, 514, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972), the Supreme Court called an indefinitely committed sex offender's claim that he was receiving no treatment a "substantial constitutional claim."

As in *Wyatt*, the Court thinks it will be beneficial to reserve final decree, and seeks rather to obtain information through discovery and reports in an effort to make progress toward resolving the societal problems presented for our consideration herein. The prayer for Habeas Corpus Relief is continued until November 5, 1973.