Laurence STUEBIG, a/k/a Lawrence Stuebig, by his guardian Maria Carole Heckmann

v.

Robert J. HAMMEL, John P. Shovlin, M.D., Bernard J. Willia, M.D., John M. Fitzgerald, and Francis Truman.

No. 76–1165 Civil.

United States District Court, M. D. Pennsylvania.

Oct. 19, 1977.

Kathleen L. Daerr, Philadelphia, Pa., for plaintiff.

David Max Baer, Deputy Atty. Gen., Dept. of Justice, Harrisburg, Pa., John Q. Durkin, Scranton, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Presently before the Court is plaintiff's second amended complaint and defendants' motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure. Supporting and opposing briefs have been filed, incorporating by reference supplemental briefs filed earlier in response to the Court's memorandum and order of March 31, 1977.[1] Jurisdiction is asserted under 42 U.S.C. § 1983, and, therefore, under 28 U.S.C. § 1343. Plaintiff alleges that he was involuntarily committed in 1941 to Farview State Hospital for the Criminally Insane following his arrest on charges that he had burglarized a railroad car and received stolen goods.[2] He contends (1) that subsequent to his commitment he was not mentally ill and not a danger to himself or others and that, therefore, defendants had the duty to so inform the court that committed him; or (2), in the alternative, that he was mentally ill and entitled to treatment for his mental illness. Defendants have moved to dismiss on the grounds (1) that the amended complaint fails to state a claim upon which relief can be granted; and (2) that the state statute of limitations applicable in this § 1983 action precludes plaintiff from introducing proof as to events which occurred more than two years prior to the filing of this action.[3] Construing the allegations of the complaint in a manner most favorable to plaintiff, I hold that he has stated claims upon which relief may be granted. I also hold that, since plaintiff's claims are of a continuing injury, his causes of action accrued on December 17, 1975, and that the filing of this action within the two-year period of limitations on September 6, 1976 permits proof of events occurring between 1941 and 1975.

### Adequacy of Plaintiff's Two Claims for Relief

Plaintiff alleges first that subsequent to plaintiff's commitment to Farview defendants knew or should have known that plaintiff was not mentally ill and not dangerous to himself or others. Further, it is alleged that defendants were under a duty and obligation to so inform the com-

---

1. The Court directed the filing of supplemental briefs addressing the question of whether there exists a generalized right to treatment for mental patients confined in state institutions. Research discloses that the Court of Appeals for Third Circuit has not decided this question. *See also Scott v. Plante*, 532 F.2d 939, 947 (3d Cir. 1976); *Eubanks v. Clarke*, 434 F.Supp. 1022 (E.D.Pa.1977).

2. Plaintiff also alleges that, on December 17, 1975, he was transferred from Farview by order of the Philadelphia County Court of Common Pleas. Defendants state that on that day plaintiff was also committed to Philadelphia State Hospital under 50 Purdon's Pa.Stat.Ann. § 4406 (1969). *See* Defendants' Brief in Support of the Motion to Dismiss at 3 (Doc. # 35, filed June 24, 1977). This provision of the Pennsylvania statutes was subsequently de-

clared unconstitutional in *Goldy v. Beal*, 429 F.Supp. 640 (M.D.Pa.1976) (three-judge court).

3. Defendant argued as well that the Court should abstain from deciding this claim under the doctrine of *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). This contention is without merit. *See Conover v. Montemuro*, 477 F.2d 1073, 1079–80 (3d Cir. 1973). There is no indication that the state courts are about to give an authoritative decision on state statutes that have been effectively repealed. *See* note 6 *infra*.

Defendants raised other grounds in their motion, but did not brief these issues and apparently only wish to preserve these matters for appeal. *See* Defendants' Brief in Support of the Motion to Dismiss at 25 (Doc. # 35, filed Jan. 24, 1977).

mitting court and that they arbitrarily and capriciously failed to do so. The constitutional right at issue here is the right to remain at liberty in the absence of a constitutionally adequate basis for confinement. *See O'Connor v. Donaldson,* 422 U.S. 563, 574–75, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975). It is not alleged that defendants themselves had the authority to release plaintiff from Farview.[4] Defendants contend, not that the existence of such a duty would nevertheless fail to state a constitutional claim but rather, that there exists no duty. The purpose of a motion under Rule 12(b)(6) is, however, merely to test the sufficiency of the complaint; as stated in this Court's memorandum and order of March 31, 1977:

"An allegation that employees of a mental institution violated an inmate's rights by not releasing him when they discovered that he was no longer mentally ill states a cause of action . . . only when the complaint also alleges that the employees had . . . the duty to inform the court of his improved condition and that their failure to take such action was arbitrary and capricious."

The second amended complaint contains these allegations, and, therefore, plaintiff has stated a claim. *See* authorities cited in March 31, 1977 memorandum at 3.

█ Moreover, treating the question of the existence of the alleged duty as a question of law determinative of whether plaintiff has stated a claim, I find that there did exist a duty to inform a committing court of a patient's subsequent lack of mental illness. Defendants contend that there existed no duty on their part to advise a committing court that a patient had regained his sanity, and cite Pennsylvania statutes which impose the duty to seek re-

lease either on the patient or on the Department of Public Welfare.[5] Plaintiff in response cites other statutes, including 50 Purdon's Pennsylvania Statutes Annotated § 4409(b) (1969), which provides that where there is a person who has been committed on pending criminal charges (as was plaintiff) and who

"shows a sufficient improvement of condition so that his continued commitment is no longer necessary, he shall be returned to the court having jurisdiction of him for trial or such other disposition of such charges as the court may make." [6]

*See also* 50 Purdon's Pa.Stat.Ann. § 4408(e) (1969). I am satisfied that in terms of the applicable state law, while most court cases would be concerned with instances where a patient sought release, *see, e. g., Skipper v. Shovlin,* 368 F.2d 954 (3d Cir. 1966), there also existed a duty on the part of person or persons within a mental institution to request review by a committing court of a person who had regained his sanity. Moreover, the question of whether the duty has existed is not wholly dependent upon state law: State officials charged with the administration of mental hospitals are clearly bound by federal constitutional law as well. As the Supreme Court has recently stated,

"That a wholly sane and innocent person has a constitutional right not to be physically confined by the State when his freedom will pose a danger neither to himself nor to others cannot seriously be doubted."

*O'Connor v. Donaldson,* 422 U.S. 563, 573 n. 8, 95 S.Ct. 2486, 2492, 45 L.Ed.2d 396 (1975). Plaintiff's first claim for relief states no more than this—that he was no longer mentally ill and that other persons charged with

---

4. Defendants in this action are the current Acting Administrator at Farview, the former Administrator, the Assistant Superintendent and Clinical Director, the Director of Social Services, and the Captain of the Guards.

5. The Department and its Secretary are not parties to this action.

6. It is not a matter of record as to whether this statute, approved in 1966 and repealed in 1976, had a counterpart in the Mental Health Act of

1951 and the Mental Health and Mental Retardation Act of 1923. The Mental Health Procedures Act of 1976, 50 Purdon's Pa.Stat.Ann. § 7101 *et seq.* (Supp.1977), now provides, to the mentally ill, many of same rights claimed herein as a matter of constitutional law. *See generally* Note, *Pennsylvania's New Mental Health Procedures Act: Due Process and the Right to Treatment for the Mentally Ill,* 81 Dick.L.Rev. 627 (1977).

his care and custody made no attempt to secure his release. *Cf. id.* at 574–75, 95 S.Ct. 2486. This is a claim upon which relief can be granted.[7]

In the alternative, plaintiff alleges that he was mentally ill during his confinement at Farview and that he was not provided with treatment. Plaintiff contends that a person in his circumstances enjoys a constitutional "right to treatment." Defendants argue that the complaint is fatally defective as to this claim because plaintiff could also be confined as a danger to himself and others and that confinement for that reason would not require that plaintiff be treated.[8] However, a reading of the second amended complaint in a manner most favorable to plaintiff indicates that he is alleging that his confinement was not on account of dangerousness to himself or others but rather for treatment. While plaintiff asserts alternately that he was and was not mentally ill, plaintiff never varies from the allegation that he "was not dangerous to himself or others." In the alternate claim plaintiff alleges that "knowing that he was mentally ill, [defendants] were under a duty and obligation to render him medical treatment . . . ." This duty and obligation could arise, for example, when involuntary commitment has been ordered for treatment purposes, and the complaint will be so construed.[9]

Thus, the issue before the Court as to this alternate claim is whether a person who is confined in order to be treated and who is mentally ill although not dangerous to himself or others has a right to receive the treatment that is the basis for the confinement.[10] In these more narrow circumstances, it is clear that a "right to treatment" does exist, but only as a matter of due process, and not as an independent constitutional right:

> "Where 'treatment' is the sole asserted ground for depriving a person of liberty, it is plainly unacceptable to suggest that the courts are powerless to determine whether the asserted ground [treatment] is present."

*Donaldson,* 422 U.S. at 574, 95 S.Ct. at 2493 (dicta), *citing Jackson v. Indiana,* 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). *See Developments in the Law—Civil Commitment of the Mentally Ill,* 87 Harv.L.Rev. 1190, 1324–29 (1974). *See also Wyatt v. Aderholt,* 503 F.2d 1305, 1312–14 (5th Cir. 1974);[11] *Stachulak v. Coughlin,* 364 F.Supp. 686 (N.D.Ill.1973); *Eubanks v. Clarke,* 434 F.Supp. 1022 (E.D.Pa.1977). *Cf. Martarella v. Kelley,* 349 F.Supp. 575, 598–602 (S.D.N.Y.1972). *Contra, Burnham v. Department of Public Health of Georgia,* 349 F.Supp. 1335 (N.D.Ga.1972). Thus, plaintiff has

---

**7.** It must be stressed that this holding is far short of a pronouncement that plaintiff has proved the lack of mental illness, and the existence of a duty on the part of each defendant. Indeed, it is not predetermined that, in a motion for summary judgment, plaintiff can establish the existence of a material issue of fact as to these matters. In addition, defendants are not foreclosed from arguing defense of good faith based upon the state statutes defendants have cited.

**8.** In *O'Connor v. Donaldson,* 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975), the Court expressly reserved the question of whether treatment need be provided to one who is involuntarily confined because of dangerousness. *See id.* at 570 n. 6, 95 S.Ct. 2486.

**9.** Plaintiff has argued in his brief that the 1941 commitment was ordered for the purposes of treatment. *See* Plaintiff's Supplemental Brief at 5–6 & 8 (Doc. # 17, filed May 4, 1977). Thus, it will work no unfairness on plaintiff to so construe the complaint. It could have been

contended that a duty and obligation to provide treatment also arises in cases where the commitment was not for purposes of treatment. Such a construction of the complaint would have necessitated that the Court face the more difficult question of whether a generalized right to treatment exists.

**10.** Plaintiff is not claiming that he should have been released because his mental illness did not involve dangerousness. That mental illness alone may not justify custody is the holding of the Supreme Court in *Donaldson,* however, and the only claim actually reached in that case.

**11.** Although this decision depended in part upon a case subsequently vacated by the Supreme Court on other grounds, *see Donaldson v. O'Connor,* 493 F.2d 507 (5th Cir. 1974), *vacated and remanded,* 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975), the essential reasoning in *Wyatt* is unaffected by that action.

stated an alternate claim for relief upon which relief can also be granted.[12]

*Limitations Period Applicable to Plaintiff's Claim*

 Plaintiff was committed in 1941 and remained at Farview until December 17, 1975. As a result of the claimed deprivations suffered during this period, plaintiff seeks damages from defendants. The complaint was filed on September 9, 1976. The parties agree that the two-year limitations period borrowed from state law, *see* 12 Purdon's Pa.Stat.Ann. § 34 (1953), governs this action. *See Polite v. Diehl*, 507 F.2d 119, 122 (3d Cir. 1974). Defendant argues that plaintiff may not prove damages for anything occurring prior to September 9, 1974, two years prior to the filing of this action, since two years is the governing limitations period and since there are no circumstances which would toll the statute. There are two fallacies in defendants' argument: First, the limitations period applies to *claims* and not supporting evidence; secondly, the question is not as defendants would have it whether the action was tolled but rather the issue is when the action accrued.

The allegations are of a continuing wrong ending when plaintiff was transferred from Farview in 1975. The law of Pennsylvania, applied in this case in accordance with *Polite*, provides that a cause of action for a continuing injury accrues only when the wrong terminates. *See* 22 Pennsylvania Law Encyclopedia § 64 (1959). *Cf. Donaldson v. O'Connor*, 493 F.2d 507, 529 (5th Cir. 1974), *vacated on other grounds*, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975); *Fowkes v. Pennsylvania R.R. Co.*, 264 F.2d 397 (3d Cir. 1959). Since the allegations of the complaint must be taken as true, it does not appear that the continuing injury plaintiff alleges ended before September 6, 1974. Thus, plaintiff's claims are not barred by the applicable limitations period.

The motion to dismiss will be denied. Defendants have ten days within which to file their answer. *See* Fed.R.Civ.P. 12(a)(1).

---

12. Again, it must be stressed that I have only decided that plaintiff has stated a claim. *See* note 7 *supra*.

Defendant renews his contention that the complaint fails to state sufficient facts in support of its conclusions and allegations. *See generally Negrich v. Hohn*, 379 F.2d 213 (3d Cir. 1967). Further factual specificity in the complaint would provide defendants with more detail of plaintiff's case but would not further the basic principle of notice pleading. It would be inappropriate here to require such specificity when such matters are more properly a concern during discovery. *See Eubanks v. Clarke*, 434 F.Supp. 1022 (E.D.Pa.1977).