## Louisville & Nashville Railroad Company v. Roberts, by Next Friend, Etc.

(Decided February 24, 1920.)

### Appeal from Breathitt Circuit Court.

1.  Carriers—Injury to Passenger—Cinder from Locomotive—Negligence.—A carrier is liable for injury to a passenger from a cinder entering his eye through an open door, while the train was going

through a tunnel, where the brakeman left the door open just as the train entered the tunnel.

2. Evidence—Hearsay.—One suing for personal injuries may not testify as to what his doctor said to him relative to the cause of his injury.

3. Appeal and Error—Harmless Error—Admission of Evidence.—Error in admitting incompetent evidence was not prejudicial where the same facts were shown by competent testimony.

B. D. WARFIELD, O. H. POLLARD and J. M. BENTON for appellant.

ED. C. O'REAR, J. B. ADAMSON, W. N. COPE and T. T. COPE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Through her father as next friend, Marie Roberts, an infant, brought suit against the Louisville & Nashville Railroad Company to recover damages for personal injuries. From a verdict and judgment in her favor for $1,000.00, the railroad company appeals.

It appears from the petition that the defendant owns and operates a railroad between Jackson and McRoberts, and that on March 6, 1916, plaintiff purchased a ticket from Jackson to Haddix, and entered the rear coach of defendant's passenger train and took a seat near the front door. The petition further alleges that after said train left Jackson, the first stop was made at Dumont, a flag station near the Dumont tunnel; that the defendant, by its agents and employees who had charge of the train, carelessly and negligently left the front door of the rear passenger car open as the train entered Dumont tunnel; that the rear passenger car, in which plaintiff was seated, was filled with fumes, smoke and cinders that came from the engine of said train and entered the open door of the car, stifling and suffocating the plaintiff, and that a hot cinder entered her right eye, causing her great pain and impairing her vision.

Plaintiff's testimony is in substance as follows: She got on the train at Jackson. She and her mother took a seat near the door. After the conductor took up the tickets, the train stopped at Dumont. As they went into the tunnel, the brakeman came in and left the door open. The car was filled with cinders and a cinder went into her eye. In about a week she went to Jackson and Dr. Back

removed the cinder. After that a growth appeared in her eye, and she went to Lexington to consult a specialist, who prescribed for her. Dr. Back testified that he removed something from plaintiff's eye about the size of a pin point, but could not say whether it was a cinder or not. Dr. Wickliffe testified that there was a growth in plaintiff's eye, which he called a pterygium, but that the growth could be removed by an operation. Dr. Hurst testified that he discovered a little growth in plaintiff's eye, and that this growth could have been caused by a cinder. Dr. Offutt, a specialist, deposed that a cinder, if left in the eye, could have caused the growth. On the other hand, Dr. Trapp, another specialist, testified that a cinder could not have caused the growth.

It is insisted not only that the demurrer should have been sustained to the petition, but that defendant was entitled to a directed verdict. To support this position the case of M. K. & T. R. Co. v. Orton, 67 Kan. 848, 73 Pac. 63, is relied on. In that case plaintiff passed through a train looking for a seat and finding none, he stopped in the door of the car, and while standing there a cinder struck him in the eye. Though there was a verdict in favor of plaintiff, the jury found that the engine of the train was in good repair, and was supplied with the best known appliances to prevent the escape of cinders; that the engineer in charge was both competent and skillful, and so was the fireman, and that the engine was being properly and skillfully managed and operated at the time the injury occurred. After adverting to the fact that the findings of the jury acquitted the company of all negligence as to the construction of the locomotive and its management and operation, the court said:

"The only other charge of negligence was in failing to keep closed the door of the coach wherein the plaintiff was riding. The rules of the company, it is true, required that the doors be kept closed; but the opening and closing of the doors and windows of cars is not fully within the control of the company or its employees. Passengers pass from one coach to another, and hence the doors are frequently opened. They are also frequently opened by passengers for purposes of ventilation. The mere fact that a cinder comes in at a door or window and strikes a passenger is not evidence of negligence. Cinders come into cars and into contact with

passengers, whether they are sitting or standing. Orton might have been struck as readily if he had been occupying an end seat as when standing. As the appliances were of the best, and the operation and management proper and skillful, the presumption of negligence does not obtain in favor of the passenger as it otherwise might have done. In view of the excellent condition and skillful operation of the locomotive, the company was no more responsible for the accident than if the cinder had come from a steam thrasher operated in proximity to the railroad. From the record we cannot say that there was such proof as warranted a finding of culpable negligence with respect to the open door. For that reason we are of the opinion that the motion for a new trial should have been sustained, and therefore the judgment will be reversed, and the cause remanded for further proceedings." In the case under consideration it is pointed out that plaintiff did not rely upon the defective spark arrester, or the negligent management of the train, but predicated her case on the fact that the door of the car was left open, which, it is insisted, was not negligence. It may be conceded that ordinarily the fact that the window or door of a car is left open is not evidence of negligence, since passengers are in the habit of raising and lowering windows, and going in and out of doors, but that rule cannot be applied to the facts of this case. Here, it was the rule of the company to close the doors of the cars when going through a tunnel. The brakeman was charged with notice of the location of the tunnel. It is a matter of common knowledge that if the door of a car without a vestibule is left open, cinders will probably enter the car. Hence, if the brakeman himself left the door open just as the train was about to enter the tunnel, and this caused the cinder to enter plaintiff's eye, it can not be doubted that he was guilty of negligence for which the company was liable. That being true, a cause of action was both pleaded and proved.

Over the objection of defendant, plaintiff was permitted to state that the specialist, whom she visited in Lexington, on being told that plaintiff had gotten a cinder in her eye, stated that more than likely that was the cause of her trouble. It may be conceded that this evidence was mere hearsay, and was not admissible. L. & N. R. Co. v. Lynch, 137 Ky. 696, 126 S. W. 362, but

we do not regard its admission as prejudicial since the same fact was shown by competent testimony. Ohio & K. Ry. Co. v. Beuris, 146 Ky. 612, 143 S. W. 16.

We do not regard the verdict as excessive.

Judgment affirmed.