Andrew J. HARDESTY, Appellant,

v.

Irvin SPARROW and Owen Medford, Appellees.

Court of Appeals of Kentucky.

Feb. 11, 1955.

Anderson & Anderson, E. B. Anderson and John B. Anderson, Owensboro, for appellant.

Wilson & Wilson, George S. Wilson and William L. Wilson, Owensboro, for appellees.

STEWART, Chief Justice.

Appellee, Irvin Sparrow, sued appellant, Andrew J. Hardesty, for $1,140 damages which he alleged occurred to his car in an automobile collision with appellant, and the latter counterclaimed for $11,075, of which $10,500 was for personal injuries he averred he received and $575 was for damages he claimed resulted to his car. He made one Owen Medford a party defendant. The jury returned a verdict in appellant's favor for $250 as to his car, but denied him any damages for personal injuries. He contends on this appeal: (1) The jury's verdict is less than the car damage he insists he proved and is, therefore, inadequate as a matter of law; (2) incompetent evidence was introduced in connection with certain X-ray pictures; and (3) appellees' counsel made an improper argument to the jury.

Appellant's first contention is controlled by Keller v. Morehead, Ky., 247 S.W.2d 218, 221, a case strikingly similar to the one at bar, where this Court, quoting from 20 Am.Jur., Evidence, section 1208, page 1061, said: " ' "Opinion testimony as to value is not conclusive; when uncontradicted, it may be regarded as sufficient proof, but even in such case the jury may exercise their independent judgment." ' " Appellant introduced only opinion evidence as to the value of his car immediately before and after the accident, and the Morehead case plainly declares that this type of proof is not absolute on a question of damages such as that involved in this instance.

It is true, as next insisted, that the testimony as to the X-ray findings was incompetent because the prints were not properly identified by the radiologist who took them. Cincinnati, N. O. & T. P. R. Co. v. Nolan, 161 Ky. 205, 170 S.W. 650; Powell v. Galloway, 229 Ky. 37, 16 S.W.2d 489. However, this evidence was not prejudicial under the circumstances. The X-ray proof concerned appellant's shoulder or clavicle and showed it was not broken. Appellant's own doctor testified that his examination revealed no broken bones in appellant's shoulder; accordingly, there was no issue on this point. The admission of incompetent evidence is not prejudicial where, as here, it is related to a fact about which there is no dispute. Steele v. Faris, 25 K.L.R. 1749, 78 S.W. 868; Louisville & N. R. Co. v. Roberts, 187 Ky. 192, 218 S.W. 713, 9 A.L.R. 94.

In our opinion the so-called improper argument complained of does not constitute a reversible error. We believe, as did the lower court, that the statement made by appellees' counsel did not convey to the minds of the jury the implication that appellant attributes to it.

Wherefore, the judgment is affirmed.