**Jesse PETERS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 15, 1974.

E. W. Rivers, Melton & Rivers, Paducah, for appellant.

Ed W. Hancock, Atty. Gen., Kenneth A. Howe, Asst. Deputy Atty. Gen., Douglas E. Johnson, Sp. Asst. Atty. Gen., Frankfort, for appellee.

REED, Justice.

Defendant-appellant, Jesse Peters, was indicted for the murder of his mother. His first trial resulted in conviction, and, in accordance with the jury's verdict, he was sentenced to be executed. Upon appeal, this court reversed the conviction and directed a new trial, chiefly because jurors who had expressed conscientious scruples against the death penalty had been excused from the jury panel for cause without compliance with the requirements of the decision of the United States Supreme Court in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). See Peters v. Commonwealth, Ky., 477 S.W.2d 154 (1972), for the opinion in the prior appeal of this case.

At the second trial the jury again found Peters guilty, and fixed his punishment at life imprisonment. A single claim of error is advanced for reversal of the second conviction: The trial judge failed to excuse for cause several members of the jury panel. After considering the entire record, we

are of the opinion that no reversible error has been demonstrated, and, therefore, we affirm the judgment.

Peters argues that the trial judge erred in not sustaining the defense's motion to excuse for cause some eight jurors who were stricken by exercising peremptory challenges. The defense exhausted the full fifteen peremptory challenges allowed by law. The basis of the rejected challenges for cause is that the prospective jurors had read about the previous trial and that some of them had formed opinions. The trial judge, however, carefully interrogated the individual jurors and in each instance established that the particular juror would remove any thought he had as to the guilt or innocence of the defendant, that he would try the case exclusively on the evidence presented and the law given by the court and that there was no reason the juror could not give both the defendant and the prosecution a fair and impartial trial. In other instances, if a prospective juror indicated that the existence of an indictment was an indication of guilt, by interrogation the trial judge effectively removed any such mistaken apprehension.

It is elementary that the determination of whether to excuse a prospective juror rests within the sound discretion of the trial judge and ought not to be set aside by a reviewing court unless the error is manifest. 47 Am.Jur.2d, Jury, Sec. 305, page 880. In Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021 (1910), a murder case, the Supreme Court applied the rule just stated and refused to set aside the determination of the trial judge that a prospective juror, who had taken the newspaper statements about the case for facts but stated that he could try the case based upon the evidence fairly and impartially, was not excusable for cause. In Leick v. People, 136 Colo. 535, 322 P.2d 674 (1958), the defendant was convicted of murder and appealed alleging that the trial judge committed prejudicial error in not excusing for cause jurors who expressed opinions as to defendant's guilt. The Supreme Court of Colorado affirmed the judgment of conviction and said: "Admission that he [the juror] held an opinion before, or at the time of, the voir dire examination, in the course of which a juror states that he can disregard such opinion, listen to the evidence and apply to it the instructions of the court, and that he can and will be fair and impartial in the trial of the issue, brings into play the trial judge's exercise of this discretion. To believe or not to believe becomes his problem; if the trial judge believes, may we say he erred in believing? May we supersede his determination of fact in this respect?"

It is not required that jurors be totally ignorant of the facts and issues involved. An important case can be expected to arouse the interest of the public. To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court. Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L. Ed.2d 751 (1961). We do not find manifest prejudice in the discretionary determinations made by the trial judge.

The judgment is affirmed.

All concur.