**Barry W. COMBS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky,
Appellee.**

**No. 97–SC–217–DG.**

Supreme Court of Kentucky.

March 19, 1998.

David T. Eucker, Assistant Public Advocate, Department of Public Advocacy, Frankfort, for Appellant.

A.B. Chandler, III, Attorney General, Matthew D. Nelson, Assistant Attorney General, Criminal Appellate Division, Frankfort, for Appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which upheld the use of a blood alcohol test in a DUI case which did not involve death or physical injury. Combs entered a conditional plea of guilty pursuant to RCr 8.09 and was sentenced to two years probation.

The issue is whether police may use a search warrant in order to take a suspected drunk driver's blood after the driver has refused to submit to a blood alcohol test pursuant to the Implied Consent Statute, KRS 189A.103 and 189A.105(2)(b), in a case not involving death or physical injury.

Combs was arrested on August 17, 1994 at 11:36 p.m., for operating a motor vehicle under the influence of alcohol pursuant to KRS 189A.010 (DUI); driving with a suspended license and failure to wear a seat belt. It was the fourth arrest for Combs for DUI since March 1990. The officer testified that he saw Combs twice weave outside the yellow center line of the highway and that he made a turn that was too wide when he entered an adjoining highway. The officer then stopped Combs and testified that he smelled of alcohol and that there were two empty beer bottles and four full beer bottles in the passenger seat of the car. Combs admitted drinking earlier in the evening and he performed several of the so-called field sobriety tests, including the HGN, the one-legged stand and the walk and turn test, all of which indicated some degree of intoxication. Combs was taken to jail where he requested that further testing stop and refused to submit to a blood test to determine his blood alcohol. The officer prepared an affidavit in support of a search warrant which was issued by a district court judge at 1:35 a.m. Pursuant to the search warrant, a test was administered at 2:05 a.m.

The Court of Appeals stated that the arguments presented by Combs were persuasive and that the natural corollary of KRS 189A.105(1)(b) was that a search warrant may not be issued in a DUI situation where neither death nor physical injury resulted. Thus, the panel said that they would have to agree with the defense "were we to rely on the plain language of the statute." The correct statute is 189A.105(2)(b).

However, the Court of Appeals determined that the police could obtain a search warrant because the panel believed that the statute amounted to an unconstitutional infringement on the powers of the judiciary to the extent that it attempted to limit when a search warrant may be issued. Thus they reasoned, it was a violation of the separation of powers provisions of the constitution. This conclusion was sua sponte because neither the prosecution nor defense argued this constitutional question on appeal. Both the prosecution and defense did file motions for discretionary review which this Court granted.

The plain language of the statute in question is as follows:

No person shall be compelled to submit to any test or tests specified in KRS 189A.103 ... KRS 189A.105(1).

Nothing in this subsection shall be construed to prohibit a judge of a court of competent jurisdiction from issuing a search warrant ... requiring a blood test ... of a defendant charged with a violation of KRS 189A.010 ... when a person is killed or suffers physical injury ... as a result of the incident in which the defendant has been charged. KRS 189A.105(2)(b).

■ The clear and unambiguous language of KRS 189A.105(2)(b) creates an exception to the general rule found in Subsection (1) of that statute. The effect of this exception is to direct all executive branch employees, including police, not to seek a search warrant where injury or death does not result from a drunk driving offense. It is fundamental constitutional law that the Bill of Rights of both the federal and state constitutions imposes certain limitations on the power of government. The Fourth Amendment to the United States Constitution and Section 10 of the Kentucky Constitution assure the people that they will be free from all unreasonable search and seizure. To support such an assurance, these constitutional provisions mandate that the executive branch must first obtain a warrant based on probable cause before it conducts any search or seizure. Neither constitution grants the executive branch the right to seek a search warrant nor the judiciary the right to issue one, but rather the constitutional sections place restrictions on when the executive branch of the government can conduct any search or seizure. The Kentucky statutes in question here are not unconstitutional because they attempt to regulate and limit when a search warrant may be issued.

KRS 189A.103(1) provides that a person is deemed to have given consent to one or more tests for the purposes of determining alcohol concentration if arrested for any offense arising out of drunk driving. Unlike other ar-

rest situations, consent to a search of the body of the accused is implied. In a DUI situation, the suspect may be highly intoxicated which increases the risk of physical confrontation with police and increases the difficulty of securing any consent. However, some physical confrontation is necessary for the police to obtain evidence of blood alcohol contents before the suspect "sobers up." *See Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

KRS 189A.103 implies consent in DUI cases generally. KRS 189A.105(1) also provides that no person shall be compelled to submit to any test or tests, as specified in KRS 189A.103. This is an explicit and clear prohibition but contains an exception in KRS 189A.105(2)(b), which allows the issuance of a search warrant when a person is killed or suffers physical injury as a result of the incident in which the defendant has been charged. In this case, the exception is not applicable because no death or physical injury occurred. There are penalties provided in KRS 189A.107 which punish a person for refusing to take any blood alcohol tests in that a person who refuses will have their license suspended for at least six months. The clear language of KRS 189A.105 prevents the issuance of a warrant unless death or physical injury is involved. The Court of Appeals agreed but decided this case spontaneously on other issues.

■ KRS 446.080 provides that statutes shall be interpreted liberally to effectuate their purpose. The only conceivable purpose of the statute here is to recognize the standard provided by the language of the statute to the effect that no person shall be compelled to submit to any test except in cases involving death or physical injury. The General Assembly has an absolute right to classify. *Delta v. Commonwealth*, Ky., 689 S.W.2d 14 (1985).

■ The plain language of KRS 189A.103 and KRS 189A.105 prohibits compelled body searches of a DUI suspect following a refusal to take a blood test, unless death or physical injury are involved. The Court of Appeals in its initial analysis of the law in this regard correctly stated:

A search warrant may be issued in the case of DUI when a person is killed or suffers physical injury as a result of the incident in which the defendant has been charged. The natural corollary of this subsection is that a search warrant may not be issued in the case of a DUI when neither death nor physical injury results.

We agree. No further interpretation is necessary.

■ We do not agree with the analysis presented by the Court of Appeals regarding the constitutionality of the implied consent law and its alleged violation of the separation of powers doctrine. The Court of Appeals addressed this issue sua sponte because it is not raised by either the prosecution or the defense. KRS 189A.105(1) and (2)(b) do not violate the separation of powers doctrine set out in Sections 27 and 28 of the Kentucky Constitution. We agree with the argument presented by Combs that the issue is not one of separation of powers, but rather how to operate within the framework of the Kentucky Implied Consent statutes. *Cf. Pillersdorf v. Department of Public Advocacy*, Ky., 890 S.W.2d 616 (1994) and KRS 446.080, provides that a statute shall be interpreted liberally in order to effectuate its purpose. The statutes in question do not involve any "ultimate power" of the judiciary. They simply impose conditions on the issuance of warrants.

Generally, separation of powers cases involve some sort of improper delegation from one branch of government to another. *Fawbush v. Bond*, Ky., 613 S.W.2d 414 (1981), struck down a statute delegating to judges the determination of a magistrate electoral district. *Vaughn v. Knopf*, Ky., 895 S.W.2d 566 (1995), involved a statute delegating to the judiciary the approval of certain items in the budgets of sheriffs and county clerks. *LRC v. Brown*, Ky., 664 S.W.2d 907 (1984), involved the delegation of legislative authority to the Legislative Research Commission. The implied consent statute has been upheld as constitutional in *Speers v. Commonwealth*, Ky., 828 S.W.2d 638 (1992).

■ Under any circumstances, comity is a proper approach where, as a matter of "institutional policy," the statute in question is a statutorily acceptable substitute for current judicial procedures. *See O'Bryan v. Hedgespeth*, Ky., 892 S.W.2d 571 (1995). The estab-

lishment of reasonable conditions upon the issuance of a search warrant in a non-injury DUI case is no less statutorily acceptable than a complete overhaul of the trial procedure as upheld in *Commonwealth v. Reneer*, Ky., 734 S.W.2d 794 (1987).

 In this situation, there was no technical or procedural Fourth Amendment violation. A search warrant was obtained before the blood was taken. The issuance of the search warrant was based on probable cause thereby providing additional protection against any unlawful search and seizure. The blood was taken by trained personnel in a hospital and the intrusion of the needle to extract blood is minimal when balanced against the legitimate interest of the state in removing drunk drivers from the roadway and deterring future drunk driving. In this circumstance, we believe the actual taking of the blood was reasonable for Fourth Amendment purposes. The argument presented by Combs in refusing to submit to testing as a request for a different form of testing is without merit. There is no due process violation. The record is silent as to any proof that Combs requested a different type of testing. There was no allegation of police violence or misconduct. *See Beach v. Commonwealth*, Ky., 927 S.W.2d 826 (1996) and *Schmerber, supra.*

 The ordinarily legitimate action of obtaining a search warrant when a suspect refuses cannot be used to avoid the standard set by the General Assembly which established the requirement of death or physical injury for a blood alcohol test.

 It is the holding of this Court that the admission of the results of a blood test in a DUI case not involving death or physical injury is improper. However, due to the overwhelming evidence of Combs' intoxication at the time of his arrest, the blood test evidence was merely cumulative and, thus, harmless error in this case.

The judgment of conviction is affirmed.

All concur.