**COMMONWEALTH of Kentucky, Movant,**

v.

**Mary J. LOPEZ, Respondent.**

**No. 99–SC–0215–CL.**

Supreme Court of Kentucky.

Oct. 21, 1999.

As Modified Dec. 2, 1999.

**352**

A.B. Chandler, III, Attorney General, Frankfort, Garry L. Edmondson, Kenton County Attorney, James T. Redwine, Assistant County Attorney, Christopher S. Nordloh, Assistant County Attorney, Covington, for Movant.

F. Dennis Alerding, Covington, for Respondent.

WINTERSHEIMER, Justice.

The question presented for certification in this matter is framed by the county attorney as whether *Combs v. Commonwealth*, Ky., 965 S.W.2d 161 (1998), is intended to be a judicial modification of the implied consent statute, KRS 189A.103, thereby overruling *Beach v. Commonwealth*, Ky., 927 S.W.2d 826 (1996), so as to limit the admissibility of blood test results in DUI cases to only those cases involving death or physical injury.

The position of the Commonwealth is that the plain language holding of *Combs, supra*, regarding the inadmissibility of blood test results in the prosecution of a DUI charge is that that holding is limited to instances contemplated in KRS 189A.105 where blood test results are obtained pursuant to a warrant in a DUI case not involving physical injury or death.

In this case, Lopez was before the Kenton District Court, First Division, charged with driving under the influence. She expressly consented and submitted to a breath alcohol test after having been read the implied consent warning. KRS 189A.105. An inadequate breath sample resulted in the officer requesting Lopez to submit to a blood test which she expressly consented to provide. The results of the blood test indicated that her blood alcohol content was 0.15 grams/100 ml. On the morning of trial, her counsel moved to suppress the blood alcohol results citing *Combs, supra*, as controlling authority. Despite the argument of the Commonwealth to the contrary, the Kenton District Court judge found that the holding in *Combs* and specifically, part of the last paragraph, wherein it was stated:

It is the holding of this Court that the admission of the results of a blood test in a DUI case not involving death or physical injury is improper.

required the suppression of the blood alcohol results.

KRS 189A.103 governs the determination of whether an individual is driving a vehicle under the influence. The General Assembly has stated that a person is deemed to consent to one or more or any combination of blood, breath or urine tests. The use of the blood test evidence in prosecuting DUI cases has been recognized and approved in *Beach*, wherein this Court resolved the issue of whether or not a breath test must first be administered before collecting and testing blood evidence in DUI cases. The problem presented now is that part of the last paragraph of *Combs* appears to be in contradiction to the decision in *Beach* in that all blood tests collected in furtherance of a DUI prosecution pursuant to KRS 189A.103, which do not involve death or injury are inadmissible as a matter of law. The interpretation placed upon the language in *Combs* would preclude the best evidence from being presented to the trier of fact in many instances where breath alcohol or urine evidence is subordinate to blood result evidence.

We must first admit that the language quoted from part of the last paragraph of *Combs* arguably conflicts with the totality

of the opinion rendered in *Combs*. *Combs* is limited to those situations where a search warrant was necessary to obtain blood evidence in order to prosecute a DUI case not involving injury or death. This analysis is consistent with a comprehensive review of the context of the entire case in *Combs*, which addressed the constitutional issue of the legislative restriction upon the issuance of a search warrant in a DUI case. Therefore, the language in *Combs*, which states:

> It is the holding of this Court that the admission of the results of a blood test in a DUI case not involving death or physical injury is improper.

does not reflect the true intent of the total Opinion. Consequently, the above quoted language does not control a situation where a defendant expressly consents to a blood alcohol test in compliance with KRS 189A.103. The language in *Combs* is incomplete and therefore must be clarified. The holding in *Combs* relates to those cases prosecuted pursuant to KRS 189A.105 where blood alcohol evidence is obtained pursuant to a search warrant in a DUI case not involving physical injury or death.

The law is so certified.

All concur.