COMMONWEALTH of Kentucky,
Appellant,

v.

Brett MORRISS, Appellee.

No. 2000–SC–0556–DG.

Supreme Court of Kentucky.

March 21, 2002.

As Amended March 21, 2002.

Albert B. Chandler III, Attorney General, David M. Schuler, Jr., Christie I. Floyd, Special Assistant Attorneys General, Louisville, Counsel for Appellant.

Robert E. Fleming, Louisville, Counsel for Appellee.

LAMBERT, Chief Justice.

Appellee, Brett Morriss, was indicted on charges of murder, driving under the influence of intoxicants, first degree assault, fourth degree assault, first degree criminal mischief, and disregarding a traffic control device. Appellee moved to have the results of any laboratory tests conducted on his blood and urine suppressed. The Jefferson Circuit Court ordered suppression of the evidence. The Court of Appeals affirmed and this Court granted discretionary review.[1]

The issue presented is whether the death or physical injury provision of KRS 189A.105(2)(b) applies when blood and urine samples are gathered pursuant to a search warrant, despite the refusal of consent to the taking of samples, and when the subject has not been charged with an

1. CR 76.20.

offense at the time the search warrant is obtained.

## BACKGROUND

Appellee was the driver of a vehicle which ran through a red light at an intersection. The vehicle hit a car driven by Demetrice Marshall, who was slightly injured. Marshall's passenger was killed. Appellee's passenger suffered serious injuries due to the collision. Appellee was taken to Norton's Hospital in Louisville where a doctor at the hospital placed him on a 72–hour hold.

A search warrant was issued to collect blood and urine samples from Appellee. Samples were collected and an analysis conducted, revealing .15 grams per milliliter and .12 grams per milliliter as the alcohol content of Appellee's urine and blood, respectively. Appellee was arrested and later indicted for the offenses identified above.

## I. SUPPRESSION OF THE EVIDENCE

Appellee moved the Jefferson Circuit Court to suppress the results of any lab work performed on the samples. The Circuit Court granted the motion after conducting a suppression hearing. The Court of Appeals affirmed and the Commonwealth moved for discretionary review in this Court. We granted review and vacated the opinion of the Court of Appeals for reconsideration in light of *Commonwealth v. Lopez.*[2] Upon remand, the Court of Appeals again affirmed the Circuit Court's order, finding *Lopez* inapplicable. Again, we granted discretionary review.

The principal issue in this case is whether the evidence should have been sup-

pressed as a violation of KRS 189A.105. This statute states in relevant part:

(1) A person's refusal to submit to tests under KRS 189A.103 shall result in revocation of his driving privilege as provided in this chapter.

. . . .

(2) (b) Nothing in this subsection shall be construed to prohibit a judge of a court of competent jurisdiction from issuing a search warrant or other court order requiring a blood or urine test, or a combination thereof, of a defendant charged with a violation of KRS 189A.010, or other statutory violation arising from the incident, *when a person is killed or suffers physical injury,* as defined in KRS 500.080, *as a result of the incident in which the defendant has been charged.* (Emphasis added).

The tests administered to Appellee are set forth in KRS 189A.103.

Appellee argues that KRS 189A.105 requires that a person first be charged with an offense before a search warrant may be used to compel him to submit to the collection of samples. He reasons that since he was not charged at the time the search warrant was issued, the results of the tests must be suppressed. The Commonwealth contends that KRS 189A.105 does not apply to this situation *because* Appellee was not charged with an offense. It argues that traditional search and seizure rules apply and that the search warrant was valid.

The parties have debated the effect of *Combs v. Commonwealth.*[3] In *Combs,* the defendant had been arrested for DUI and taken to jail where he refused to have blood drawn for alcohol content tests. A search warrant was issued and a sample was taken. On review, this Court ex-

---

**2.** Ky., 3 S.W.3d 351 (1999).

**3.** Ky., 965 S.W.2d 161 (1998).

plained that KRS 189A.105(1) states that no person shall be compelled to submit to any tests but that KRS 189A.105(2)(b) is an exception to this rule.[4] The Court reasoned that since no death or physical injury occurred, the exception did not apply in the *Combs* case and that the evidence should have been suppressed.

In *Commonwealth v. Lopez*, the defendant was charged with DUI and consented to a blood test. There was no death or physical injury nor was there a search warrant. This Court clarified the broad holding in *Combs*, i.e., "it is the holding of this Court that the admission of the results of a blood test in a DUI case not involving death or physical injury is improper"[5] and held that "*Combs* is limited to those situations where a search warrant was necessary to obtain blood evidence in order to prosecute a DUI case not involving injury or death."[6] We explained that "the above quoted language [from *Combs*] does not control a situation where a defendant expressly consents to a blood alcohol test in compliance with KRS 189A.103."[7]

■ In *Combs* and *Lopez* there was no death or physical injury. Where there is death or physical injury and the subject has been charged with a qualifying offense, if there is a refusal the statute applies and a search warrant may be obtained. However, where there is death or physical injury but no charge has yet been brought, 189A.105(2)(b) does not apply and traditional search and seizure principles control.

That the Fourth Amendment applies is shown in *Cook v. Commonwealth.*[8] In

*Cook*, the defendant was driving a vehicle which hit another car. One person was killed and several others seriously injured. The defendant was taken to the hospital where his blood was drawn for a blood alcohol content test. At the suppression hearing, he claimed that he did not give his consent to have his blood taken but this Court held that he had consented. The Court noted that the implied consent statute in effect at that time, KRS 186.565(1), did not apply because the defendant was "not under arrest or in police custody."[9] We held Fourth Amendment principles to be controlling.

■ In the present case, Appellee refused to take a blood test and there was a death and physical injury. He was not yet charged when the test was sought. Such a fact situation is not controlled by the statute. This case must be decided on conventional search and seizure principles. It does not differ conceptually from other cases in which search and seizure is sought to obtain and preserve evidence. The case must be remanded to the Circuit Court for a determination of whether the search warrant was otherwise proper.

For the reasons set forth herein, the opinion of the Court of Appeals is reversed and this cause remanded to the trial court for further consistent proceedings.

LAMBERT, C.J., and COOPER, GRAVES, JOHNSTONE, KELLER, STUMBO, and WINTERSHEIMER, JJ., concur.

---

4. KRS 189A.105 has been revised and the language "no person shall be compelled..." has been eliminated.

5. *Combs,* 965 S.W.2d at 165.

6. *Lopez,* 3 S.W.3d at 353.

7. *Id.*

8. Ky., 826 S.W.2d 329 (1992).