William WELLS, Appellant,

v.

COMMONWEALTH OF KENTUCKY, Appellee.

No. 2004–SC–0593–DG.

Supreme Court of Kentucky.

Nov. 22, 2006.

Damon L. Preston, Department of Public Advocacy, Frankfort, for Appellant.

Gregory D. Stumbo, Attorney General, Todd D. Ferguson, Assistant Attorney General, Office of Criminal Appeals, Office of the Attorney General, Frankfort, for Appellee.

Opinion of the Court by Justice
GRAVES.

A jury of the Casey Circuit Court convicted Appellant, William Wells, of Rape in the Third Degree and Incest. For these crimes, Appellant was sentenced to fifteen years' imprisonment. On direct appeal, the Court of Appeals affirmed his convictions in all respects in an unpublished opinion. *Wells v. Commonwealth*, 2002–

CA–2175–MR (rendered July 2, 2004). Appellant filed a petition for discretionary review in this Court, which we granted. CR 76.20. For the reasons set forth herein, we affirm Appellant's convictions.

Bernadette Wells and Appellant married on May 3, 1991. Bernadette had two children from a previous marriage, D.M.[1] and David, who were approximately six years old and two years old at the time of marriage respectively. In August 2000, Bernadette moved out of the marital home but left her children with Appellant because they threatened bodily harm to themselves if she took them.

At fifteen years of age, D.M. became pregnant by Appellant, who was then forty years old. Appellant wrote letters to D.M. confirming their sexual relationship and acknowledging paternity of the child. After the child's birth, an order was issued by the trial court which directed Appellant, D.M., and the child to submit to saliva sampling for DNA testing. The DNA test results indicated a 99.99% probability that Appellant fathered the child born to D.M. Appellant was thereafter arrested and convicted for the crimes set forth above. He now seeks discretionary review of his conviction in this Court. For the reasons set forth herein, we affirm the decisions of the courts below.

Appellant's first argument is that the trial court violated his Sixth Amendment right to confrontation by admitting the DNA test results as a business record. He argues that the trial court was required to provide him the opportunity to cross-examine the laboratory technician or phlebotomist as to the validity of the testing procedures. We agree that the evi-

---

1. Due to the nature of the crime and the age of the victim, no direct reference will be made to the victim's name.

dence was wrongfully admitted but hold the error as harmless.

The Confrontation Clause of the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI. As the Commonwealth admits, "the better practice would have been to present the laboratory personnel and the phlebotomist who drew the blood from the parties." Clearly, neither the Commonwealth nor this Court condones the method the trial court used to admit this evidence.

■ However, the error itself is insufficient to entitle Appellant to relief. The error in admitting the DNA test results must have had a prejudicial effect on Appellant in order to grant relief. *See e.g. Greene v. Commonwealth*, 197 S.W.3d 76, 83 (Ky.2006) (holding that violations of the Confrontation Clause of the Sixth Amendment under the United States Constitution and Section 11 of the Kentucky Constitution are subject to a harmless error analysis); *Jackson v. Commonwealth*, 187 S.W.3d 300 (Ky.2006) (holding a violation of the Confrontation Clause harmless beyond a reasonable doubt); *Caudill v. Commonwealth*, 777 S.W.2d 924 (Ky.1989) ("[c]ognizant as this Court is of the fundamental importance of the constitutional right to confront one's accusers, we are not convinced that appellant was prejudiced by any error that may have occurred."). In *Hardesty v. Sparrow*, 275 S.W.2d 587 (Ky. 1955), this Court held that "[t]he admission of incompetent evidence is not prejudicial where, as here, it is related to a fact about which there is no dispute." Appellant admitted paternity of the child in two letters to D.M. that were admitted at trial. Moreover, paternity was not a required element of either the rape or incest charge. Thus, despite the obvious inad-

missibility of the evidence, it was not prejudicial since it regarded a fact that was not at issue or even disputed by Appellant. Therefore, we hold the error harmless.

■ Appellant's second argument is that the trial court denied him due process when he was forced to use a peremptory challenge to strike a juror who should have been excused for cause. We disagree.

Pursuant to RCr 9.36, when there is reasonable ground to believe a prospective juror cannot render a fair and impartial verdict based on the evidence, a trial judge shall excuse that juror for cause. The standards used to review the refusal to dismiss a juror for cause are outlined in *Caldwell v. Commonwealth*, 634 S.W.2d 405, 407 (Ky.1982):

> The determination of whether to exclude a juror for cause lies within the sound discretion of the trial court. *Peters v. Commonwealth*, 505 S.W.2d 764 (Ky. 1974). Unless the action of the trial court is clearly erroneous, we will not reverse it. *Scruggs v. Commonwealth*, 566 S.W.2d 405 (Ky.1978).

In the present case, Juror Payne admitted to hearing rumors about Appellant and D.M. and having seen them in public. She further admitted that she had asked people what was going on because of the tremendous age difference. The trial court, however, asked Juror Payne if she would be able to render a fair and impartial verdict and whether she could put the rumors out of her mind. She answered affirmatively. Furthermore, Juror Payne stated that she had no bias against Appellant and did not favor the Commonwealth because she knew what she had heard were only rumors and not facts. When these circumstances are viewed in their totality, we simply cannot say that the action of the trial court was clearly erroneous. *See Hodge v. Commonwealth*, 17

S.W.3d 824 (Ky.2000) (holding that as long as a juror is impartial, there is no requirement that a juror be dismissed for cause based on knowledge of the case).

Appellant raises three additional arguments before this Court which were not addressed in his motion for discretionary review. In *Ellison v. R & B Contracting, Inc.*, 32 S.W.3d 66, 71 n. 8 (Ky.2000), this Court held that issues not raised in the Motion for Discretionary Review will not be addressed by this Court despite being briefed before us and addressed at oral argument. Because Appellant's remaining arguments were not properly brought before this Court, we decline review.

For the reasons set forth herein, the judgment of the Casey Circuit Court is affirmed.

All concur.

MINTON, J., joins in a concurring opinion in which LAMBERT, C.J., McANULTY, and ROACH, J.J., join.

MINTON, Justice, concurring.

I agree with the majority's conclusion that the introduction of the DNA test results, although surely error, was a harmless error. But I write separately because I believe that the error was harmless for a different reason: the contents of the DNA test results were merely cumulative evidence in light of Wells's incriminating letters.

As noted by the majority, the Confrontation Clause of the Sixth Amendment to the United States Constitution and Section Eleven of the Kentucky Constitution each guarantees a criminal defendant the right to confront his accusers. A Confrontation Clause violation may, in some instances, be deemed a harmless error if the error is shown to be harmless beyond a reasonable doubt. *Coy v. Iowa*, 487 U.S. 1012, 1019–1022, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988).

According to the United States Supreme Court, "[a]n assessment of harmlessness cannot include consideration of whether the witness's testimony would have been unchanged, or the jury's assessment unaltered, had there been confrontation; such an inquiry would obviously involve pure speculation, and harmlessness must therefore be determined on the basis of the remaining evidence." *Id.* at 1021–1022, 108 S.Ct. 2798. So our focus must be on whether the other evidence admitted against Wells was sufficient to support his convictions.

While in jail and awaiting trial, Wells wrote at least one letter to D.M. and one letter to D.M.'s infant daughter; and those letters were introduced at trial. The letter to D.M. refers to "our baby" and contains the following pertinent passage: "But we made love, have a beautiful daughter, planned to marry, loved each other, everything was consenual [sic] but [I'm] arrested[.]" Later in the letter, Wells asks D.M. to "take care of our Baby" and expresses his "unconditional love for you [and] our Baby." In a similar vein, Wells wrote a letter to D.M.'s infant, stating that he "always thought that the love me and your mom have would only be strengthened by the bond you brought into our relationship[.][W]hat could be more precious than a beautiful little girl that God brought [into] our lives[?]" Wells's letters contain unmistakable admissions that he had engaged in sexual intercourse with D.M.

At its core, all the DNA test results showed was that Wells was the father of D.M.'s child, which leads to a logical inference that Wells had sexual intercourse with D.M. Since Wells's letters also are an admission that he had sexual intercourse with D.M., the introduction of the DNA report, though improper, was a harmless

error. The DNA report was merely cumulative of other evidence. *See, e.g., Combs v. Commonwealth,* 965 S.W.2d 161, 165 (Ky.1998) (holding that improperly admitted blood alcohol test evidence in DUI case was harmless error because it was cumulative of other evidence); *Meadows v. Commonwealth,* 178 S.W.3d 527, 538 (Ky.App. 2005) ("the admission of inadmissible hearsay testimony that is cumulative is harmless error."). So I concur with the majority's ultimate conclusion that Appellant's convictions must be affirmed.

LAMBERT, C.J.; and McANULTY and ROACH, JJ., join.